

IN THE
TENTH COURT OF APPEALS

No. 10-12-00205-CR

JUAN JOSE REYES,

Appellant

v.

THE STATE OF TEXAS,

Appellee

From the 19th District Court
McLennan County, Texas
Trial Court No. 2011-1232-C1

# O P I N I O N

Juan Jose Reyes was convicted of Burglary of a Habitation and sentenced to 90 years in prison. TEX. PENAL CODE ANN. § 30.02(a)(3) (West 2011). Because the evidence is sufficient to support Reyes's conviction as a principal to the offense, Reyes was not charged as a party to the offense, and Reyes was not harmed by the trial court's error in denying Reyes's request for a mistake of fact instruction to the jury, the trial court's judgment is affirmed.

## BACKGROUND

Virginia Marquez lived in an apartment in Waco, Texas with three of her children. Reyes lived in the same apartment complex. On January 5, 2009, the Marquez family was away from their apartment from 1:00 p.m. to 4:30 p.m. Virginia's youngest daughter arrived home from school at about 4:30 p.m. that day to find that the apartment had been burglarized. Entry was made through a kitchen window. Tires were piled up under the kitchen window and the security screw in the window had been removed. Missing from the apartment were a Seiko watch, some miscellaneous jewelry, some DVDs and a red, digital camera. Pawn tickets introduced into evidence showed that at about 3:00 p.m. that same day, Reyes pawned the Seiko watch at a shop in Waco and that at about 2:00 p.m. the next day, Reyes pawned the jewelry and digital camera at a shop in Lacy Lakeview. When the property was located at the pawn shops, it was returned to Virginia and an arrest warrant was issued for Reyes. Reyes was arrested in California on October 31, 2010.

## SUFFICIENCY OF THE EVIDENCE

In his first issue, Reyes contends the evidence is insufficient to support his conviction as a principal actor in the burglary. Specifically, he contends 1) there was no evidence that he personally possessed the stolen property; 2) the State did not demonstrate that Reyes's trial explanation for possession of the property was false or unreasonable; and 3) there was no evidence of flight from the crime scene.

At trial, Reyes testified that his former girlfriend, Rita Munoz, had items she wanted to pawn because she needed to raise gas money for Reyes to take her to the neighboring town of West. Reyes testified that he ultimately pawned the items for Rita because she did not have any identification which was necessary to be able to pawn items. He further testified that he did not know the items he pawned for Rita were stolen. Rita did not testify.

*Law*

The Court of Criminal Appeals has expressed our standard of review of a sufficiency issue as follows:

> In determining whether the evidence is legally sufficient to support a conviction, a reviewing court must consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). This "familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. "Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Hooper*, 214 S.W.3d at 13.

*Lucio v. State*, 351 S.W.3d 878, 894 (Tex. Crim. App. 2011).

The Court of Criminal Appeals has also explained that our review of "all of the evidence" includes evidence that was properly and improperly admitted. *Conner v. State*, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001). And if the record supports conflicting

inferences, we must presume that the factfinder resolved the conflicts in favor of the prosecution and therefore defer to that determination. *Jackson v. Virginia*, 443 U.S. 307, 326, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). Further, direct and circumstantial evidence are treated equally: "Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). Finally, it is well established that the factfinder is entitled to judge the credibility of witnesses and can choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).

A person commits the offense of burglary of a habitation if, without the effective consent of the owner, the person enters a habitation and commits or attempts to commit a felony, theft, or an assault. TEX. PENAL CODE ANN. § 30.02(a)(3) (West 2011). Direct evidence of entry is not required; that element may be established by inference, just as inferences may be used to prove the elements of any other offense. *Poncio v. State*, 185 S.W.3d 904, 905 (Tex. Crim. App. 2006). A defendant's unexplained possession of property recently stolen in a burglary permits an inference that the defendant is the one who committed the burglary. *Id*. Further, an appellant's exclusive and unexplained possession of property recently stolen in a burglary in conjunction with the fact that he pawned the property very close to the burgled home are sufficient to support a burglary of a habitation conviction. *Id*.

It is not subject to reasonable dispute that the evidence discussed is thus legally sufficient to support the conviction for burglary unless, as Reyes argues, the State must also disprove the explanation Reyes gave to explain his undisputed possession of recently stolen property.

*False or Unreasonable Explanation*

Because it disposes of his other arguments under this issue, we first discuss Reyes's argument that the State had the burden to show that Reyes's *trial* explanation, that his former girlfriend, Rita, lawfully possessed the property and that he only pawned it for her because she had no identification, was false or unreasonable and that the State failed to carry that burden. Generally, if a defendant offers an explanation for his possession of the stolen property, the record must demonstrate that the explanation is false or unreasonable. *Adams v. State*, 552 S.W.2d 812, 815 (Tex. Crim. App. 1977). Whether a defendant's explanation for possession of recently stolen property is true or reasonable is an issue to be determined by the trier of fact. *Id*. The falsity or unreasonableness of an explanation may be shown by circumstantial evidence. *See id*. Reyes acknowledges a line of cases which hold that a defendant's explanation must be refuted in the record only if the explanation is made before trial.[1] *Espinosa v. State*, 463

---

[1] Reyes also argues, citing *Price v. State*, 902 S.W.2d677, 680 (Tex. App.—Amarillo 1995, no pet.), that the question of the reasonableness of a defendant's explanation for his possession of recently stolen property is distinct from the pre-*Geesa* burden on the State to disprove every reasonable hypothesis other than guilt of the defendant. *See Geesa v. State*, 820 S.W.2d 154 (Tex. Crim. App. 1991). The State does not take issue with Reyes's argument. Because the parties do not dispute the non-applicability of *Geesa*, we need not decide that question.

S.W.2d 8, 10 (Tex. Crim. App. 1971) (explanation given at trial only); *see Valdez v. State*, 623 S.W.2d 317, 321 (Tex. Crim. App. 1981) (op. on rh'g) (same); *Grant v. State*, 507 S.W.2d 732, 734 (Tex. Crim. App. 1974) (same); *Simmons v. State*, 493 S.W.2d 937, 939 (Tex. Crim. App. 1973) (same).

Reyes argues, however, that we should follow a different line of cases which hold that to relieve the State of its burden,[2] the defendant must first be given an opportunity to explain his possession of the stolen property prior to trial but failed to give one. He relies on an 1887 opinion by the Texas Supreme Court and two courts of appeals opinions issued in the 1990's. *See Moreno v. State*, 6 S.W.299 (Tex. 1887); *Price v. State*, 902 S.W.2d 677, 680 (Tex. App.—Amarillo 1995, no pet.);[3] *Hood v. State*, 860 S.W.2d 931, 937 (Tex. App.—Texarkana 1993, no pet.). Because, his argument continues, there was no evidence that Reyes was given the opportunity to explain his possession of the property prior to trial, the State still bore the burden to show Reyes's trial explanation to be false or unreasonable.

This particular argument has been previously raised in and rejected by the Eastland Court of Appeals. *See Foster v. State*, No. 11-04-00252-CR, 2005 Tex. App.

---

[2] We question whether this is a true "burden" on the State. Case law speaks of the record demonstrating the falsity or unreasonableness of a defendant's explanation which may be shown by circumstantial evidence and is to be decided by the factfinder.

[3] This assertion in *Price* is dicta because the defendant gave an explanation at the time of his arrest. There was no need to discuss whether the explanation had to be refuted if a defendant was not given an opportunity to explain his possession of stolen property prior to trial.

LEXIS 8123, *6-7 (Tex. App.—Eastland Sept. 29, 2005, pet. ref'd) (not designated for publication); *see also Caraveo v. State*, Nos. 11-09-00082-CR & 11-09-00083-CR, 2010 Tex. App. LEXIS 5891, *6 (Tex. App.—Eastland July 22, 2010, pet. ref'd) (not designated for publication). After reviewing the opinions cited, we agree with the reasoning given by the Eastland Court:

> Foster asserts that, in order to support an inference that he was guilty of burglary, the State had the burden to show that he was given the opportunity but failed to give a reasonable explanation for his possession of the stolen property, primarily relying upon *Price v. State*, 902 S.W.2d 677, 680 (Tex. App.—Amarillo 1995, no pet'n), and *Hood v. State*, 860 S.W.2d 931, 937 (Tex. App.—Texarkana 1993, no pet'n), which in turn relied upon *Moreno v. State*, 24 Tex. Ct. App. 401, 6 S.W. 299 (Tex. 1887). These opinions support Foster's assertion and would appear to be in conflict with this opinion. However, to the extent that those opinions might be in conflict with our holding, we choose to follow *Hardesty*, in which the record was silent as to whether the defendant had given a reasonable explanation for his possession of the stolen property, because it is an opinion of the Texas Court of [Criminal] Appeals and a more recent opinion than *Moreno*, a decision of a predecessor court. *See Hardesty v. State*, [656 S.W.2d 73,] 75 [(Tex. Crim. App. 1983)]. We overrule Foster's second issue.

*Foster*, 2005 Tex. App. LEXIS 8123, *6-7. Accordingly, we reject Reyes's argument that the State was required to give Reyes an opportunity to explain his possession of the stolen property before it was relieved of the "burden" to show its falsity or unreasonableness, and follow the line of cases which hold that a defendant's explanation must be refuted in the record only if the explanation is made *before* trial. *See Hardesty v. State*, 656 S.W.2d 73, 77 (Tex. Crim. App. 1983); *Espinosa v. State*, 463 S.W.2d 8, 10 (Tex. Crim. App. 1971).

Further, and more to the point of the issue, we hold that direct evidence refuting the explanation is not required. It is enough that the State establish the elements of the offense beyond a reasonable doubt which may be by only circumstantial evidence of entry without the owner's effective consent by proving possession of the recently stolen property and that there is sufficient evidence, direct or circumstantial, that would support the jury's rejection of the defendant's explanation as false or unreasonable, including the jury's ability to simply reject the defendant's explanation as incredible. *See Price v. State*, 902 S.W.2d 677, 680-681 (Tex. App.—Amarillo 1995, no pet.) ("Although there was no direct evidence to show that the appellant's explanation was false, the record did not support appellant's explanation and the trial court, as the factfinder, was justified in rejecting the explanation as both unreasonable and false.").

*Possession of Property*

Reyes also argues that there was no evidence to show that he possessed the property because the pawn shop employees could not remember the specific transactions and because the State did not supply video evidence showing that Reyes was the only person involved in the pawn transactions in light of Reyes's trial testimony that Rita possessed the property. As we previously held, the State was not required to show the falsity or unreasonableness of Reyes's trial explanation. Nevertheless, the State showed that Reyes signed the pawn ticket for the watch and the pawn ticket for the jewelry and camera. By that act alone, he exercised dominion and

control over the items to the exclusion of the lawful owner. *See Taylor v. State*, 921 S.W.2d 740, 745 (Tex. App.—El Paso 1996, no pet.) (selling stolen item to pawn shop is sufficient to establish both personal possession and the assertion of a conscious and distinct right to the property). The jury was free to reject Reyes's explanation that "Rita did it."

*Flight*

Reyes further argues that, assuming the State is not required to rebut Reyes's trial explanation, the only evidence of the burglary was the pawning of some of the property taken and flight. Reyes contends that although flight in the traditional sense of the word raises an inference of guilt, *see Valdez v. State*, 623 S.W.2d 317, 321 (Tex. Crim. App. [Panel Op.] 1979) (op. on reh'g), his "flight" from the city the next day and then from the State 30 days later was not traditional flight such as running or speeding away from a scene. Thus, his argument continues, there was no evidence of flight and the inference of guilt based on flight could not be used. Alternatively, he argues that even if his departure could be considered to be flight in the traditional sense, the inference is not conclusive and the evidence was not sufficient to sustain the conviction.

It appears that this is a continuation of his argument that the State did not prove he entered the home and committed theft. The State is not required to show by direct evidence that Reyes burglarized the home; the offense may be proven by circumstantial evidence as with any other offense. *See Poncio v. State*, 185 S.W.3d 904, 905 (Tex. Crim.

App. 2006) (direct evidence of entry is not required).  Further based on the unexplained possession of recently stolen property, along with the pawning of the items, the evidence can be sufficient to sustain the conviction.  *Id*.  Thus, the State is not required to prove each element of the offense only by direct evidence.

*Application*

In reviewing the evidence in the light most favorable to the prosecution, we find that Reyes's possession of recently stolen property along with the surrounding circumstances, such as the watch being pawned during the brief window of time the Marquezes first left the apartment and at a pawn shop down the street; the jewelry and camera being pawned the next day; Reyes signing both pawn tickets; Reyes leaving the next day for San Antonio; and Reyes leaving the State the next month until his arrest a year later, are sufficient to support Reyes's conviction for burglary of a habitation as a principal.  The jury was not required to believe Reyes's trial testimony that only Rita was in possession of the property and that Reyes simply pawned it for her because she did not have any identification and because she needed to pay Reyes for gas money for a ride to West.  Further, the credibility of Reyes's explanation may have been undermined by his numerous previous convictions for burglary and theft which were introduced into evidence during Reyes's testimony.

Thus, the evidence is sufficient to support Reyes's conviction, and Reyes's first issue is overruled.

**LAW OF PARTIES**

In his second and fourth issues, Reyes complains that the evidence is insufficient to support his conviction as a party to the offense and that the trial court erred in failing to include in the jury charge an application paragraph on the law of parties. Reyes did not object to the omission of the law of parties in the application paragraph.

The court's charge to the jury included an abstract definition of the law of parties. However, the only paragraphs included in the court's charge which authorized a conviction are as follows:

\*\*\*

BURDEN AND STANDARD OF PROOF

As to the charge of Burglary of Habitation alleged in the Indictment in Cause Number 2011-1232-C1, the State has the burden of proof. The State must prove each of the elements of the charged offense beyond a reasonable doubt. The elements are set out below. If each of you believes the State has proved each and every element of the Indictment beyond a reasonable doubt, you are required to return a verdict of guilty.

If you believe the State has failed to prove one or more of the elements of the Indictment, or if you have a reasonable doubt as to the Defendant's guilt, you are required to return a verdict of not guilty.

ELEMENTS

1. JUAN JOSE REYES;

2. On or about the 5th day of January, 2009;

3. in McLennan County, Texas;

4. did then and there intentionally or knowingly;

5. enter a habitation;

6. without the effective consent of VIRGINIA MARQUEZ, the owner thereof; and

7. attempted to commit or committed theft of property, to wit: camera and jewelry, owned by VIRGINIA MARQUEZ.

***

The State may not support a jury verdict of guilty upon the theory that an accused was criminally responsible for an offense committed by the conduct of another person unless the court's charge specifically and adequately authorizes the jury to convict the accused upon that theory. *Plata v. State*, 926 S.W.2d 300, 304 (Tex. Crim. App. 1996) (*overruled on other grounds by Malik v. State*, 953 S.W.2d 234 (Tex. Crim. App. 1997)). A charge is adequate for this purpose only if it 1) contains an application paragraph specifying all of the conditions to be met before a conviction under such theory is authorized; 2) contains an application paragraph authorizing a conviction under conditions specified by other paragraphs of the jury charge to which the application paragraph necessarily and unambiguously refers; or 3) contains some logically consistent combination of such paragraphs. *Vasquez v. State*, 389 S.W.3d 361, 367 (Tex. Crim. App. 2012); *id*.

The law of parties was not included or referred to in these application paragraphs. Reyes is correct that if the State relied on the theory that Reyes acted with Rita in committing the offense, a party paragraph should have been included, in some

form, in the application section of the charge. However, because we have determined that the evidence was sufficient to support Reyes's conviction as a principal, we need not determine whether it was necessary for an application paragraph to be in the charge and whether the evidence was also sufficient to support Reyes's conviction as a party to the offense. Thus, there was no error in the failure to include the law of parties in the application paragraph. *See Plata*, 926 S.W.2d at 304.

Reyes's second and fourth issues are overruled.

**MISTAKE OF FACT INSTRUCTION**

Reyes next contends that the trial court erred in denying his request for a mistake-of-fact jury instruction. We review the trial court's denial of a requested jury instruction for an abuse of discretion. *See Wesbrook v. State*, 29 S.W.3d 103, 122 (Tex. Crim. App. 2000).

*Law*

The mistake-of-fact defense is codified at Texas Penal Code Section 8.02, which provides

> It is a defense to prosecution that the actor through mistake formed a reasonable belief about a matter of fact if his mistaken belief negated the kind of culpability required for commission of the offense.

TEX. PENAL CODE ANN. § 8.02(a) (West 2011). A "reasonable belief" is "a belief that would be held by an ordinary and prudent man in the same circumstances as the actor." *Id*. § 1.07(a)(42). The mistaken belief must "'negate[] the kind of culpability required for

the commission of the offense.'" *Ingram v. State*, 261 S.W.3d 749, 753 (Tex. App.—Tyler 2008, no pet.). The phrase, "kind of culpability" means "culpable mental state." *Beggs v. State*, 597 S.W.2d 375, 377-78 (Tex. Crim. App. 1980). When an accused presents evidence to raise the issue of mistaken belief as to a culpable mental element of the offense, he is entitled to a defensive instruction on mistake of fact. *Granger v. State*, 3 S.W.3d 36, 41 (Tex. Crim. App. 1999). *See Celis v. State*, Nos. PD-1584-11 & 1585-11, 2013 Tex. Crim. App. LEXIS 759, *32 (Tex. Crim. App. May 15, 2013).

Pursuant to section 30.02(a)(3), as charged in this indictment, a person commits burglary "if, without the effective consent of the owner, the person: [] enters a building or habitation and commits or attempts to commit … theft…." TEX. PENAL CODE ANN. § 30.02(a)(3) (West 2011). A person commits theft "if he unlawfully appropriates property with intent to deprive the owner of property." *Id*. § 31.03(a) (West Supp. 2012). The State must prove both entry of the habitation without permission of the owner and the commission of a theft or acts constituting an attempt to commit theft. TEX. PENAL CODE ANN. §§ 30.02(a)(3), 31.03(a) (West 2011 & Supp. 2012); *see Jacob v. State*, 892 S.W.2d 905, 909 (Tex. Crim. App. 1995); *Rangel v. State*, 179 S.W.3d 64, 73 (Tex. App.—San Antonio 2005, pet. ref'd). In this situation, the gravamen of the offense of burglary is entry of a building or habitation without the effective consent of the owner accompanied by the further requisite acts or omissions under section 30.02(a)(3). *DeVaughn v. State*, 749 S.W.2d 62, 65 (Tex. Crim. App. 1988).

It is well settled that a defendant has the right to an instruction on any defensive issue raised by the evidence, whether that evidence is weak or strong, unimpeached or contradicted, and regardless of what the trial court may or may not think about the credibility of the evidence. *Granger v. State*, 3 S.W.3d 36, 38 (Tex. Crim. App. 1999); *Hamel v. State*, 916 S.W.2d 491, 493 (Tex. Crim. App. 1996); *Hayes v. State*, 728 S.W.2d 804, 807 (Tex. Crim. App. 1987) (opinion on rehearing); *Dyson v. State*, 672 S.W.2d 460, 463 (Tex. Crim. App. 1984). This rule is designed to insure that the jury, not the judge, will decide the relative credibility of the evidence. *Granger*, 3 S.W.3d at 38; *see also Woodfox v. State*, 742 S.W.2d 408, 410 (Tex. Crim. App. 1987) ("When a judge refuses to give an instruction on a defensive issue because the evidence supporting it is weak or unbelievable, he effectively substitutes his judgment on the weight of the evidence for that of the jury"). If the evidence viewed in a light favorable to the appellant does not establish a mistake of fact defense, an instruction is not required. *Granger*, 3 S.W.3d at 38; *Dyson*, 672 S.W.2d at 463.

*Requested Instruction*

Reyes requested, in writing, the following mistake of fact instruction:

You are instructed that it is a defense to this prosecution that a person through mistake formed a reasonable belief about a matter of fact if his mistaken belief negated the kind of culpability required for commission of the offense.

"Reasonable belief" means a belief that would be held by an ordinary and prudent person in the same circumstances as the defendant.

> So, if you find from the evidence in this case that at the time Juan Jose Reyes pawned the property of Virginia Marquez, if he did, he acted under a mistake of fact, that is, a reasonable belief that Rita Munoz was in lawful possession of the property when she gave it to him, or if you have a reasonable doubt thereof, you shall acquit the defendant and say by your verdict "Not Guilty."

The trial court denied Reyes's request for this instruction, explaining that it did not negate the culpable mental state that applied to the offense of Burglary of a Habitation. The trial court further explained that, in its view, the mistake of fact to be asserted is that Reyes had consent or a right to be in the residence. This is generally correct. It appears, however, that the trial court was focused on Reyes's guilt as a principle;[4] but the analysis must also include the possibility of his guilt as a party. Because the gravamen of the offense of burglary is entry of a habitation without the effective consent of the owner *along with* the further requisite acts or omissions under section 30.02(a)(3), that is, the commission of theft, Reyes could have raised an issue regarding a mistaken belief as to the culpable element of committing theft. This would arise if the jury was determining Reyes's guilt under the law of parties, as was believed by the parties to be an option in this case,[5] by finding that Rita entered the apartment and stole the items but that Reyes was knowingly assisting her by selling the stolen

---

[4] It also may have been a correct explanation by the court if the State had charged Reyes with burglary of a habitation under section 30.02(a)(1) or (a)(2), rather than (a)(3). Under section 30.02(a)(1) and (a)(2), intent to commit a felony or theft must exist at the moment of entry and the offense is complete upon entry. *DeVaughn v. State*, 749 S.W.2d 62, 65 (Tex. Crim. App. 1988).

[5] The trial court noted at the beginning of the charge conference that the State had requested a "parties instruction, which I have included…."

property. Thus, if the evidence raised a mistaken belief about the commission of theft, Reyes was entitled to a mistake of fact instruction.

*Facts Supporting Instruction*

At trial, Reyes testified that his former girlfriend, Rita Munoz, had items she wanted to pawn because she needed to raise gas money for Reyes to take her to West. They went to two different pawn shops on two consecutive days. Reyes testified that he ultimately pawned the items for Rita because she did not have any identification which was necessary to be able to pawn items. Reyes had not seen Rita with the particular items she had with her to pawn before the day she showed up at his apartment, which, coincidentally, was the day of the burglary of Marquez's apartment. Reyes denied breaking into Marquez's apartment and stealing any items. And he further testified that he did not know the items he pawned for Rita were stolen. When asked by the State whether he thought the items belonged to Rita, Reyes initially responded, "Yes." He then clarified his answer, testifying: "Well, I didn't know it was stolen." Reyes testified that he did not ask Rita any questions about the ownership of the items because he thought she would be the one to pawn them.

*Error Analysis*

Although Reyes seems to have immediately clarified his initial testimony that he thought Rita owned the property to be pawned, his statements that he did not know the property was stolen, if believed, have the same practical effect. Furthermore, according

to his testimony, he apparently did not question her authority or right to possess those items she wanted to pawn. Thus, because Reyes presented evidence that he had the belief, albeit mistaken, that Rita was rightfully in possession of the property and that Reyes had her permission to pawn the items, he was entitled to have the jury decide whether his mistaken belief was sufficiently reasonable to find Reyes not guilty as a party to the offense charged. Accordingly, the trial court erred in failing to instruct the jury on Reyes's mistake of fact defense.

The State contends, citing the Court of Criminal Appeals' opinion in *Bruno v. State*, that Reyes was not entitled to a mistake of fact instruction because his defense merely negated an element of the offense and thus, was not necessary.[6] *See Bruno v. State*, 845 S.W.2d 910 (Tex. Crim. App. 1993). In other words, the defense was subsumed within the charge. Although other courts of appeals[7] have followed this proposition discussed in *Bruno* in deciding whether the trial court erred in failing to give the instruction, we decline to do so in this case. First, *Bruno* was a plurality opinion[8] and does not constitute binding authority. *See Unkart v. State,* 400 S.W.3d 94, 100 (Tex. Crim. App. June 5, 2013); *see also Okonkwo v. State*, 398 S.W.3d 689, 695 n. 5

---

[6] The Court of Criminal Appeals has recognized a split in authority as to whether a mistake of fact instruction is required if the mistaken belief merely negates an element that the State was required to prove but has not resolved the split. *Okonkwo v. State*, 398 S.W.3d 689, 695-696 (Tex. Crim. App. 2013).

[7] *See Hopson v. State*, No. 14-08-00735-CR, 2009 Tex. App. LEXIS 2903, at *6-10 (Tex. App.—Houston [14th Dist.] Apr. 28, 2009, no pet.) (not designated for publication); *Traylor v. State,* 43 S.W.3d 725, 730-31 (Tex. App.—Beaumont 2001, no pet.).

[8] Two judges concurred in the result; one judge concurred with a note; and two judges joined the note.

(Tex. Crim. App. 2013); *Sands v. State*, 64 S.W.3d 488, 494 (Tex. App.—Texarkana 2001, no pet.). Second, although a defensive instruction on mistake of fact was given, the appellant in *Bruno* complained that doing so incorrectly placed the burden of proof on him. The Court of Criminal Appeals found that the charge, as given, properly placed the burden on the State, but went on to find that the instruction was not necessary in the first place because a mistake of fact instruction was not proper when the issue was whether or not the true owner did or did not give permission to operate the vehicle. *Bruno*, 845 S.W.2d at 913. This additional discussion and holding was dicta. *See Sands v. State*, 64 S.W.3d 488, 494 (Tex. App.—Texarkana 2001, no pet.). Third, even if *Bruno* is binding authority, the exception discussed in *Bruno*, third party involvement, is present in this case. In *Bruno*, the Court distinguished the appellant's case from those in which an instruction was required by noting that those cases involved third parties. *Id*. The Court explained that, in third-party situations, an instruction on mistake of fact must be given so that a jury has the opportunity to acquit a defendant if it determines that the defendant reasonably believed he had the consent of the owner based on a representation made to him by a third party. *Id*. In essence, the defendant could reasonably believe a third person is in a position to consent to the defendant's possession of the property. In the case at hand, according to Reyes, he thought that he was in possession of Rita's property, or at least property that was "not stolen." Thus, for the reasons stated, *Bruno* is not controlling in this case in determining whether the

trial court erred in failing to give the requested instruction.

*Harm Analysis*

We do, however, find *Bruno* instructive in determining harm. After finding error in the trial court's failure to submit an appellant's requested charge on mistake of fact, we must determine if he has suffered "some harm" from that error. *Miller v. State*, 815 S.W.2d 582, 585-586 (Tex. Crim. App. 1991); *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984).[9] We must examine the relevant portions of the entire record to determine whether the appellant suffered any actual harm as a result of the error. *Miller*, 815 S.W.2d at 586; *Arline v. State*, 721 S.W.2d 348, 351-352 (Tex. Crim. App. 1986).

Reyes admitted to pawning the property. His sole defense was that Rita was in possession of the property and that he did not know the items were stolen when he pawned them for her. This was the focus of the entire case. He was allowed to argue this defense to the jury.

The jury charge, as given, allowed for conviction of burglary of a habitation only if the jury found that Reyes entered the habitation without the owner's consent and committed the theft. But it did not, as we have held, allow for a conviction for burglary of a habitation if the jury found Reyes was criminally liable only as a party to the offense, *i.e.* that he assisted Rita by pawning the stolen items, because the law of parties was not applied to the offense in the court's charge to the jury. Thus, a mistake-of-fact

[9] Reyes requested and was denied the instruction on mistake of fact. Thus, we do not use the egregious harm standard.

instruction was not essential because the factfinder would necessarily have had to reject

Reyes's defense to convict Reyes of the elements of the crime as a principal. *See Bruno v.*

*State*, 845 S.W.2d 910, 913 (Tex. Crim. App. 1993); *Durden v. State*, 290 S.W.3d 413, 421

(Tex. App.—Texarkana 2009, no pet.). Therefore, because there was no application

paragraph under which the jury could find Reyes criminally liable pursuant to a charge

on the law of parties to the offense, Reyes was not harmed by the failure to have his

requested instruction on the mistake of fact defense submitted to the jury which was

only applicable to the party theory of liability.

Accordingly, Reyes's third issue is overruled.

**ARGUMENT**

In his fifth issue, Reyes contends that the trial court erred in overruling Reyes's

two objections to the State's argument on guilt/innocence.

Reyes complains about two consecutive arguments made by the State.

State: So if you find him not guilty, you have to believe what he told you. And think about if you can believe this person. Think about what you heard about. You can consider his criminal record when deciding whether or not he's somebody you can trust and believe and let walk out here this afternoon with you-all. Think about that. He has got four convictions for doing the same exact thing.

Defense: Your Honor, we'll object to that by the charge only. There is no evidence about the same exact thing.

Court: Overruled. The jury will recall the evidence as they heard it.

State: He has four convictions for burglary. That's what this case is, a burglary case. He has another conviction for robbery, and then he has

some more misdemeanor thefts, shoplifting. Is that something you can trust? Is that somebody you want to hang your hat on today, find him not guilty, and say, "Come on, ride down the elevator with us at 5:00 today"? Is that really what – I mean, that's what letting him go would mean. It means you believe him.

Defense: Object to that as a misstatement of the law and the facts.

Court: Overruled.

On appeal, Reyes complains that the arguments made were improper because the State invited the jury to convict Reyes because he had previously been convicted of burglary on multiple occasions. However, this complaint on appeal does not comport with the objections made at trial and is not preserved for review. *See* Tex. R. App. P. 33.1; *Lovill v. State*, 319 S.W.3d 687, 691-92 (Tex. Crim. App. 2009); *Pena v. State*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009).

Reyes's fifth issue is overruled.

## LIMITING INSTRUCTION

In his last issue, Reyes argues that the trial court erred in failing to submit an instruction in the jury charge limiting the use of Reyes's prior convictions for impeachment purposes only. Prior convictions involving a felony or a crime of moral turpitude may be admissible into evidence for the purposes of impeaching a witness if the court determines the probative value of the evidence outweighs its prejudicial effect. *See* Tex. R. Evid. 609(a); *Jackson v. State*, 11 S.W.3d 336, 339 (Tex. App.—Houston [1st Dist.] 1999, pet. ref'd). When evidence is admissible for one purpose such as

impeachment, but not all purposes, a defendant may request a limiting instruction to restrict evidence to its proper scope. *See* TEX. R. EVID. 105(a). A trial court has no obligation to submit a limiting instruction if a defendant fails to request the instruction at the time the evidence is offered. *Williams v. State*, 273 S.W.3d 200, 230 (Tex. Crim. App. 2008) (noting failure to request limiting instruction at time evidence is presented renders evidence admissible for all purposes and relieves trial court of obligation to include instruction).

Reyes testified generally about seven prior convictions for theft on direct examination. On cross-examination, he testified as to each conviction and the punishment he received for each. Some of these convictions were for theft, some were for burglary of a habitation, and one was for robbery. Reyes never requested a limiting instruction at the time the evidence was introduced, on either direct or cross-examination, regarding his past convictions. Thus, the trial court was not required to submit a limiting instruction in the charge to the jury.

Reyes's sixth issue is overruled.

**CONCLUSION**

Having overruled each of Reyes's issues on appeal, we affirm the trial court's judgment.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed
Opinion delivered and filed October 31, 2013
Publish
[CRPM]