

# IN THE
# TENTH COURT OF APPEALS

## No. 10-13-00162-CR

**ANTHONY GUITON,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 66th District Court
Hill County, Texas
Trial Court No. 37,237**

## MEMORANDUM OPINION

Anthony Guiton was convicted of burglary of a building and sentenced to 16 months in a state jail facility. TEX. PENAL CODE ANN. § 30.02(a)(1), (c)(1) (West 2011). He appealed. Because the evidence was sufficient to support Guiton's conviction, the trial court's judgment is affirmed.

In one issue, Guiton contends the evidence is insufficient to support his conviction. Specifically, he claims the circumstantial evidence of his entry of the building does not support the conviction because the State did not rebut Guiton's

explanation of his possession of some of the stolen property and any inferences of guilt from the evidence admitted were speculative.

**SUFFICIENCY OF THE EVIDENCE**

The Court of Criminal Appeals has expressed our standard of review of a sufficiency issue as follows:

> In determining whether the evidence is legally sufficient to support a conviction, a reviewing court must consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). This "familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. "Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Hooper*, 214 S.W.3d at 13.

*Lucio v. State*, 351 S.W.3d 878, 894 (Tex. Crim. App. 2011).

The Court of Criminal Appeals has also explained that our review of "all of the evidence" includes evidence that was properly and improperly admitted. *Conner v. State*, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001). And if the record supports conflicting inferences, we must presume that the factfinder resolved the conflicts in favor of the prosecution and therefore defer to that determination. *Jackson v. Virginia*, 443 U.S. 307, 326, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). Further, direct and circumstantial evidence are treated equally: "Circumstantial evidence is as probative as direct evidence in

establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). Finally, it is well established that the factfinder is entitled to judge the credibility of witnesses and can choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).

As charged in this indictment, a person commits the offense of burglary of a building if, without the effective consent of the owner, the person enters a building and commits theft. TEX. PENAL CODE ANN. § 30.02(a)(3) (West 2011). Direct evidence of entry is not required; that element may be established by inference, just as inferences may be used to prove the elements of any other offense. *Poncio v. State*, 185 S.W.3d 904, 905 (Tex. Crim. App. 2006); *Reyes v. State*, ___ S.W.3d ___, 2013 Tex. App. LEXIS 13573, *4-5 (Tex. App.—Waco Oct. 31, 2013, no pet.) (publish). A defendant's unexplained possession of property recently stolen in a burglary permits an inference that the defendant is the one who committed the burglary. *Id.*

Generally, if a defendant offers an explanation for his possession of the stolen property, the record must demonstrate that the explanation is false or unreasonable. *Adams v. State*, 552 S.W.2d 812, 815 (Tex. Crim. App. 1977). Whether a defendant's explanation for possession of recently stolen property is true or reasonable is an issue to be determined by the trier of fact. *Id.* The falsity or unreasonableness of an explanation may be shown by circumstantial evidence. *See id.*; *Reyes,* 2013 Tex. App. LEXIS 13573 at

*6. Direct evidence refuting the explanation is not required. *Reyes*, 2013 Tex. App. LEXIS 13573 at *10. It is enough that the State establish the elements of the offense beyond a reasonable doubt which may be by only circumstantial evidence of entry without the owner's effective consent by proving possession of the recently stolen property and that there is sufficient evidence, direct or circumstantial, that would support the jury's rejection of the defendant's explanation as false or unreasonable, including the jury's ability to simply reject the defendant's explanation as incredible. *Id*.

**EVIDENCE**

On the afternoon of December 16, 2011, Guiton approached Roberto Renteria, a surveyor doing work on Interstate 35 in Hill County, and asked for help in freeing his vehicle which was stuck in the mud. Renteria noticed that Guiton had no shoes on his feet and that his hands were bleeding a little from cuts on them. Nevertheless, Renteria agreed to help Guiton; but when they reached the vehicle, Renteria declined to help because he saw that the vehicle was near a building with its glass door broken, tracks lead from the building to Guiton's vehicle, and "some piping and stuff" was "behind" Guiton's vehicle. Instead, Renteria called his supervisor and suggested that the police should be called.

Shortly thereafter, Rex Wilsford arrived at the same building. Wilsford was the caretaker of the property and had just checked the building at 7:00 o'clock that morning to see if it was secure. At that time, the building and the glass front doors were secure.

When Wilsford stopped that afternoon to check on the property again, he was approached by Guiton who asked for help in removing his stuck vehicle. When Wilsford approached Guiton's vehicle, Wilsford noticed that the building, which he had inspected that morning, had been damaged. The front doors, frame and all, were missing. Wilsford asked Guiton if he had been in the building and Guiton said no. Wilsford went inside the building to see if anything was missing. He noticed that a sink and a piece of copper tubing off the hot water heater were missing from the building. When he came out of the building, Wilsford saw a police officer talking to Guiton. He approached the officer and told him that the owners of the property would press charges. Wilsford then saw the copper tubing and sink in the back of Guiton's vehicle.[1] He also saw that Guiton's shoes, which Guiton was not wearing at the time, had glass and mud on them.

When Sgt. James Morton arrived on the scene, he found a vehicle stuck in a ditch near the front of a building. He saw that the front doors of the building were completely shattered out. He was approached by Wilsford who told him that some items were missing from inside the building. Morton then walked over to the stuck vehicle and saw a sink and copper tubing in the back of the vehicle. Morton looked inside the building and looked again at the copper tubing and the sink in Guiton's vehicle and believed those items came from inside the building.

---

[1] Guiton's vehicle was a small SUV with the back window broken out.

As Morton began investigating, he saw that tire tracks lead from the front porch of the building, right next to the shattered glass doors, directly to Guiton's stuck vehicle. He saw that Guiton's shoes were muddy and that there was fresh mud in the building where the sink and copper tubing were missing. Morton also found a pair of bolt cutters inside Guiton's vehicle. Copper residue was found on the blades. Morton took the sink from Guiton's vehicle and compared it to the place where Wilsford said the sink was missing. The broken PVC pipe and cut copper pipe from the sink matched the same from the location where the sink had been. Morton also took the copper tubing from Guiton's vehicle and compared it to the top of the hot water heater inside the building from where Wilsford had said it was missing. The tubing matched the location.

At the scene, Guiton denied being inside the building. He admitted to taking the sink but offered the explanation that he took it from the outside of the building, not the inside. He offered no explanation for his possession of the copper tubing from the hot water heater inside the building.

CONCLUSION

Based on the foregoing, and when viewed in the light most favorable to the verdict, the jury could have found that Guiton's explanation for his possession of the sink was false or unreasonable. The record need only demonstrate that the explanation is false or unreasonable, and direct evidence is not required. Further, although the

evidence placing Guiton inside the building and taking the items from the building was circumstantial, when taken together with other evidence, such as the tracks from the building to the vehicle, the mud and glass on Guiton's shoes, the mud in the building where the sink and the copper from the hot water heater were taken, a rational jury could have found that Guiton entered the building. Any inferences from the evidence were reasonable, not speculative.

Guiton's sole issue is overruled. The trial court's judgment is affirmed.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed January 9, 2014
Do not publish
[CR25]