**AFFIRM; and Opinion Filed November 28, 2018.**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-00959-CR

### DARRYL PAUL GAMBLE, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the Criminal District Court No. 1**
**Dallas County, Texas**
**Trial Court Cause No. F-1754557-H**

## MEMORANDUM OPINION

Before Justices Stoddart, Whitehill, and Boatright
Opinion by Justice Boatright

A jury convicted Darryl Paul Gamble of burglary of a building and assessed punishment at ten years' incarceration. Appellant challenges the sufficiency of the evidence to support his conviction. He also asserts the trial court erred by admitting intake photographs at trial. We affirm.

### BACKGROUND

On May 7, 2017, at 1:20 a.m., an intruder broke into the U-Haul Center on Ferguson Road, in Dallas, Texas, by breaking out the glass in the front door with a rock. The intruder entered the store and took money out of the cash register. Making several trips in and out of the store, he removed a variety of items, including locks, a drill set, hitch balls, gloves, two dollies, packages of Lysol wipes, a backpack, and two sets of keys for U-Haul vehicles. He loaded all of the items into a ten-foot U-Haul moving van and drove away.

As soon as the store alarm was triggered, U-Haul's security team contacted one of the store managers, Adriana Zetina, and advised her that surveillance cameras showed an intruder in the store. After calling 911, Zetina drove to the store to meet the responding police officers, Dallas Police Officer Michael Slay and his partner. Zetina and the officers viewed video from the fifteen surveillance cameras that were located throughout the store. The video showed the burglar wearing orange gloves, black pants with a vertical white stripe from the calf to the ankle on the outside of the pant leg, black shoes with white soles, and a black jacket with distinctive diamond-patterned stitching. At one point during the video, the burglar's pants fell down around his knees, and he appeared to be wearing another pair of black pants underneath his outer pants.

Zetina and the officers compiled an inventory of the stolen items. Officer Slay sent out a city-wide police alert with the vehicle description and license plate number of the stolen U-Haul van. Approximately two hours later, Dallas Police Officers Amy Anderson and Christopher Slone spotted the stolen U-Haul van parked at a convenience store. When Officers Anderson and Slone pulled up into the convenience store parking lot, appellant was the only person in the van. Although he was sitting in the passenger's seat, he told the officers that he was the driver of the van. When asked where he got the van, appellant told the officers he got the van from "some dude" at an unknown neighboring apartment complex.

When appellant exited the van, a jacket fell from his lap to the ground. Officer Slone noticed that the jacket was a U-Haul jacket. The jacket was tan with a "U-Haul" logo and a dark-colored lining. Officer Slone also stated that once appellant was taken into custody, the officers discovered that he was wearing multiple layers of clothing. Officer Anderson testified that appellant's dark-colored clothing included dark-colored pants with a white or gray stripe at the bottom of the leg. Officers Anderson and Slone took appellant into custody for possessing a stolen vehicle.

Officer Slay drove to the convenience store to meet Officers Anderson and Slone. He testified that upon seeing appellant, he noticed that appellant's shoes and pants exactly matched the shoes and pants worn by the intruder in the U-Haul Center surveillance video. He further testified that appellant was in possession of all the items that had been stolen from the U-Haul Center.

Appellant was charged with burglary of a building, and a jury found him guilty as charged. After he pled true to two enhancements, the jury sentenced him to ten years in prison. Appellant appeals the trial court's judgment.

**DISCUSSION**

### A. Sufficiency of the Evidence

In his first issue, appellant argues that the evidence is insufficient to support his conviction for burglary of a building because there is no evidence that he was the person who committed the burglary. A person commits the offense of burglary of a building if, without the effective consent of the owner, the person enters a building and commits theft. TEX. PENAL CODE ANN. § 30.02(a)(3). The State was required to prove beyond a reasonable doubt that appellant was the person who committed the offense. *Roberson v. State*, 16 S.W.3d 156, 167 (Tex. App.—Austin 2000, pet. ref'd). Appellant contends that there is no evidence to establish his identity as the perpetrator of the burglary because the U-Haul surveillance videos did not show the race, gender, face, hands, or any identifying marks of the person burglarizing the store. However, identity may be established by "either direct or circumstantial evidence, coupled with all reasonable inferences from that evidence." *Gardner v. State*, 306 S.W.3d 274, 285 (Tex. Crim. App. 2009).

Two hours after the burglary, police officers found appellant in possession of the stolen U-Haul van and all of the other items stolen from the U-Haul Center. Appellant insists that this is not proof that he is the person who committed the burglary; it is only proof that he was in possession of stolen items. A defendant's unexplained possession of property recently stolen in a burglary

–3–

permits an inference that the defendant is the one who committed the offense. *Rollerson v. State*, 227 S.W.3d 718, 725 (Tex. Crim. App. 2007). However, if a defendant offers an explanation for his possession of stolen property, the record must demonstrate that his explanation is false or unreasonable. *Adams v. State*, 552 S.W.2d 812, 815 (Tex. Crim. App. 1977).

Whether the defendant's explanation for possessing recently stolen property is true or reasonable is an issue to be determined by the trier of fact. *Id*. The falsity or unreasonableness of the explanation may be shown by circumstantial evidence. *Reyes v. State*, 422 S.W.3d 18, 24 (Tex. App.—Waco 2013, pet. ref'd). Direct evidence refuting the explanation is not required. *Id*. at 25. When Officer Slone asked appellant to explain how he came to be in possession of the U-Haul van, appellant told him that he got the van from "some dude" at a nearby apartment complex. Appellant could not give Officer Slone the name of the person who gave him the van or the name of the apartment complex where this transfer took place. The jury could have concluded that appellant's assertion that he acquired the stolen van and all of the stolen property from an unknown person in an unnamed apartment complex was either false or unreasonable.

Zetina testified that after watching the surveillance video of the burglary, she thought that the burglar could have been a former employee because the burglar seemed to know his way around the building and knew where various items were stored. She also testified that appellant had previously worked for her at the U-Haul Center that was burglarized. According to Zetina, all employees are provided with U-Haul jackets. The outside of a U-Haul jacket is khaki with a U-Haul logo on the left side, and the inside lining is black with diamond-pattern stitching. Zetina opined that the burglar in the surveillance video appeared to be wearing a U-Haul jacket turned inside out because the diamond-pattern stitching was visible.

Zetina also noted that the surveillance video showed that the burglar was wearing more than one pair of pants. When appellant was taken into custody, he was wearing several pairs of pants.

Officer Slay testified about the distinctive clothing and shoes that appellant was wearing when he was apprehended—clothing and shoes that Officer Slay maintained was an exact match to the clothing and shoes the burglar was wearing in the surveillance video from the U-Haul Center. He also stated that the distinctive diamond-shaped stitching on the jacket the burglar was wearing in the surveillance video led him to believe it was a U-Haul jacket turned inside out. Officers Anderson and Sloan both testified that when appellant exited the U-Haul van, a black and tan jacket fell from his lap to the ground. Both officers stated that appellant's jacket appeared to be similar to the U-Haul jacket that the State presented as demonstrative evidence at trial.

Officer Anderson described all of the U-Haul merchandise found in the stolen U-Haul van. Zetina and Officer Slay testified that the surveillance video showed the burglar removing those exact items from the U-Haul Center.

"The standard of review for determining the legal sufficiency of the evidence to support a conviction is whether, after viewing all of the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Villa v. State*, 514 S.W.3d 227, 232 (Tex. Crim. App. 2017). We defer to the "responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Such deference extends to the inferences drawn from the evidence so long as the inferences are reasonable ones supported by the evidence and are not mere speculation. *Tate v. State*, 500 S.W.3d 410, 413 (Tex. Crim. App. 2016). Viewing the evidence in the light most favorable to the verdict, a rational factfinder could have found beyond a reasonable doubt that appellant was the person who committed the burglary. *Jackson*, 443 U.S. at 319. We overrule appellant's first issue.

*B. Admissibility of Intake Photographs*

In his second issue, appellant contends the trial court erred by admitting intake photographs of appellant's clothing and personal property that were taken at the time of his arrest. He asserts that the State failed to provide any justifiable reason for its delay in turning over the photographs. And he argues that the trial court should have excluded the evidence for "willful prosecutorial defiance of a discovery order."

On Friday, July 21, 2017, appellant filed a discovery motion, requesting that the State produce any evidence that may be relevant to his guilt or innocence. The following Monday, July 24, the State provided defense counsel with photographs of the clothing appellant was wearing and the personal property appellant had in his possession at the time he was arrested. The trial began the following day, on July 25. On the morning of the 25th, immediately before trial began, appellant objected to the admissibility of the photographs. He argued that because the State's case relied heavily on appellant's clothing and property to link him to the offense, the photographs were highly prejudicial. He also argued that the photographs were not produced in a timely manner. He asserted that if he had been made aware of their existence, it might have changed his approach in plea negotiations with the State. The trial court overruled his objection. Later, when the State offered the photographs of appellant's clothing and personal property as State's Exhibits 24 through 38, defense counsel stated that he had no objection.

The trial court did not abuse its discretion by admitting the photographs. The State was required to produce discovery to appellant "as soon as practicable after receiving a timely request from the defendant." TEX. CODE CRIM. PROC. ANN. art. 39.14(a). Appellant filed his motion requesting discovery on Friday, July 21. The record does not contain an order reflecting that the trial court ruled on appellant's motion or otherwise imposed discovery deadlines. Nevertheless, the State provided the photographs to appellant three days after he requested discovery—on Monday, July 24. Appellant suggests that because he received the photographs the day before trial,

the State had unreasonably delayed providing him with the photographs. But there was no delay. Appellant filed his motion on Friday, and the State responded on Monday, the next business day.

Appellant's argument that the photographs should have been excluded is without merit. In this context, exclusion of evidence is essentially a sanction for prosecutorial misconduct. Whether the trial court should exclude evidence on this basis depends on whether the prosecutor disobeyed the discovery order and willfully withheld evidence. *Francis v. State*, 428 S.W.3d 850, 855 (Tex. Crim. App. 2014). "Extreme negligence or even recklessness on the prosecutor's part in failing to comply with a discovery order will not, standing alone, justify the sanction of excluding relevant evidence." *Id*. In this case, neither the record nor the law supports appellant's argument for excluding the intake photographs.

We examine a trial court's decision to admit or exclude evidence for an abuse of discretion. *Henley v. State*, 493 S.W.3d 77, 82–83 (Tex. Crim. App. 2016). A trial court abuses its discretion when its decision falls outside the zone of reasonable disagreement. *Id*. at 83. There is nothing in the record to indicate that the prosecutor disobeyed a discovery order, willfully withheld evidence, or delayed in producing the photographs to appellant. We conclude the trial court did not abuse its discretion in admitting the photographs. Appellant's second issue is overruled.

## CONCLUSION

Having overruled both of appellant's issues, we affirm the trial court's judgment.


/Jason Boatright/
JASON BOATRIGHT
Do Not Publish                    JUSTICE
TEX. R. APP. P. 47

170959F.U05

–7–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DARRYL PAUL GAMBLE, Appellant

No. 05-17-00959-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 1, Dallas County, Texas
Trial Court Cause No. F-1754557-H.
Opinion delivered by Justice Boatright.
Justices Stoddart and Whitehill participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 28th day of November, 2018.