

# NUMBER 13-20-00139-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

ULYESS HUGHES,                                                          Appellant,

v.

THE STATE OF TEXAS,                                                    Appellee.

## On appeal from the 329th District Court
## of Wharton County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Tijerina
Memorandum Opinion by Justice Longoria**

Appellant Ulyess Hughes was indicted for the state jail felony offense of burglary of a building. *See* TEX. PENAL CODE ANN. § 30.02(c)(1). The jury found appellant guilty, and the trial court sentenced him to two years' incarceration in the Institutional Division of the Texas Department of Criminal Justice. Appellant argues that there was insufficient evidence to prove he did not have consent to be in the building. We affirm.

## I. BACKGROUND

The indictment alleged that appellant, "on or about January 4th, 2018, did with intent to commit theft, enter a building or a portion of a building not then open to the public, without the effective consent of Audry Pierce, the owner thereof." The indictment also contained enhancement paragraphs alleging that appellant had previously been convicted of two state jail felonies.

The building appellant is alleged to have entered is a rental property owned by Pierce and located at 1410 MLK Boulevard in Wharton. Pierce moved to Missouri several years before the alleged burglary. Appellant testified at trial that he had known Pierce since he was a child. After Hurricane Harvey swept the area in August 2017, appellant's home was without power, and he testified that Pierce allowed him to use her rental property's electricity while he was doing construction work on her property for compensation before she hired a contractor. Shortly thereafter, Pierce contracted with Sun Coast Construction, owned and operated by Erick Clarke, to repair the rental property, and she gave Clarke the only keys to the property to allow him to freely conduct his work.

Clarke testified that when he took possession of the building in September 2017 to start his work, he discovered an extension cord running from inside Pierce's property to appellant's adjacent residence. Clarke confronted appellant and instructed him to "no longer come here and steal electricity." Clarke testified that Pierce was with him when he first discovered the cord and confronted appellant. Clarke then changed the locks on the property and secured the windows, except for a broken window in the back, before

beginning his construction work. Clarke took a break in repairing the property from December 24, 2017 to January 4, 2018. Upon returning to the property on January 4, 2018, Clarke found one of the windows to the property open and an extension cord running from inside the property to appellant's home. Clarke called the police, and Officer Jason Cadena, a peace officer with the City of Wharton, reported to the scene.

Officer Cadena testified there was an extension cord running from inside Pierce's property to the adjoining home, and there were screws on the windows of the rental property to create "a basic security system." Officer Cadena further testified to one of the windows being "slightly canted." Officer Cadena was aware at the time that the individual whom he spoke with at the scene, Clarke, was not the owner of the home, but he did not contact the owner at any point.

After Clarke reported the incident, Detective Jason Barker of the Wharton Police Department was assigned to the case to investigate. Before obtaining a warrant, Detective Barker wanted to talk to the owner of the residence, so he called Pierce to inform her of the situation. Detective Barker testified that Pierce told him on the phone that "[appellant] previously did [have permission to go inside the house], but since the contractor was there, he no longer had permission to be in there." Detective Barker testified that since he had known appellant for many years, he wanted to hear the full story before filing for an arrest warrant. Appellant admitted to Detective Barker that he entered the building to use the electricity on the night of January 3, 2018, at 3 a.m., because it was cold and his heater was broken. Additionally, it was appellant's understanding that he had permission to use Pierce's electricity as long as he was not

3

interfering with the contractor's work. After his conversation with appellant, Detective Barker testified that he spoke to Pierce again to notify her that appellant was the primary suspect and to determine whether she wanted to press charges. Pierce informed Detective Barker in a later conversation that she wanted to file charges in this case, and appellant was arrested.[1]

Appellant was found guilty of burglary of a building. The trial court found both enhancement paragraphs true and sentenced appellant to two years' incarceration in the Institutional Division of the Texas Department of Criminal Justice. *See id.* § 12.425 (providing that, if it is shown on the trial of a state jail felony that the defendant has previously been finally convicted of two state jail felonies, on conviction the defendant shall be punished for a felony of the third degree); *see also id.* § 12.34(a) (stating that the punishment range for a third degree felony is imprisonment for two to ten years). This appeal followed.

## II. SUFFICIENCY OF THE EVIDENCE

By his sole issue, appellant argues that there was insufficient evidence to support his conviction because he had prior consent to enter the building and "the record is devoid of competent evidence that [Pierce] withdrew consent to enter the building that had been given to the Appellant prior to alleged offense."

### A. Standard of Review & Applicable Law

In reviewing the sufficiency of the evidence to support a conviction, we consider the evidence in the light most favorable to the verdict and ask whether any rational fact

---

[1] Pierce did not testify at trial.

4

finder could have found every element of the offense beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Griffin v. State*, 491 S.W.3d 771, 774 (Tex. Crim. App. 2016); *Laster v. State*, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009). The reviewing court is to uphold the verdict unless a rational trier of fact must have had reasonable doubt as to any essential element. *Laster*, 275 S.W.3d at 518. It is the fact finder's duty to assess the credibility of the witnesses and to draw reasonable inferences after weighing the evidence, and we defer to the jury's determinations in that regard. *Jackson*, 443 U.S. at 319. The legal-sufficiency standard is deemed to be the only standard that a reviewing court should apply in a criminal case when determining whether each element is sufficiently supported by the evidence. *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010).

We measure sufficiency by the elements of the offense as would be detailed by the hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). A hypothetically correct jury charge is "one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id*. When viewing the record, both direct and circumstantial evidence are to be treated equally to establish the guilt of the actor. *Jackson*, 443 U.S. at 324. Moreover, direct evidence of the offense is not required, and juries can reasonably infer that circumstantial evidence establishes the guilt of an actor. *Hooper v. State*, 214 S.W.3d 9, 14-15 (Tex. Crim. App. 2007). It is not necessary that every fact must point to the guilt of the defendant; the evidence can be

combined to show an actor's guilt in the offense charged. *Johnson v. State*, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993). When relying on inferences made by the jury, the reviewing court must consider "whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict." *Hooper*, 214 S.W.3d at 17.

As charged in this case, a person commits the offense of burglary of a building if, without the effective consent of the owner, the person enters a building or any portion of a building not open to the public, with intent to commit theft. *See* TEX. PENAL CODE ANN. § 30.02(a)(1). Direct evidence of the burglarious entry is not required, and circumstantial evidence can be used to prove a burglary occurred. *See Gilbertson v. State*, 563 S.W.2d 606, 608 (Tex. Crim. App. 1978); *Reyes v. State*, 422 S.W.3d 18, 26 (Tex. App.—Waco 2013, pet. ref'd). Proof of lack of consent can be made by circumstantial evidence as with any other issue in a criminal case. *Hathorn v. State*, 848 S.W.2d 101, 107 (Tex. Crim. App. 1992) (finding circumstantial evidence sufficient to prove lack of consent when the owner was deceased and therefore unable to testify at trial).

## B. Analysis

It is undisputed that appellant entered the property on the night of January 3, 2018, to take electricity; the sole issue before the Court is whether appellant had Pierce's effective consent to do so. Appellant argues that the record is "devoid of competent evidence" that Pierce withdrew her consent for him to enter the building. While Pierce was not present at trial to give her testimony as to whether she withdrew consent for appellant to enter the building, there is circumstantial evidence that she revoked consent.

6

Clarke's testimony that Pierce was with him when he confronted appellant, coupled with Officer Cadena's testimony that there were screws securing the windows, circumstantially supports a finding that appellant was made aware he was not permitted to come into the property.

Appellant argues that the "only thing bordering on evidence that this [prior] consent was revoked was Detective Barker's hearsay account," but appellant did not object to the testimony. *See* TEX. R. EVID. 802 ("Inadmissible hearsay admitted without objection may not be denied probative value merely because it is hearsay."); *Chambers v. State*, 711 S.W.2d 240, 247 (Tex. Crim. App. 1986) ("[I]nadmissible hearsay admitted without objection [is treated] the same as all other evidence in the sufficiency context, i.e., it is capable of sustaining a verdict.").[2] This Court will not question the jury's decision to believe Detective Barker's statements because the jury is the fact finder and they can choose to believe or disbelieve witness testimony as well as judge the credibility of the witness. *See Jackson*, 443 U.S. at 319. Furthermore, the jury could reasonably infer that appellant knew he was not allowed to enter the building based on appellant's own testimony that he understood he was not to enter the building when the contractor was there. *See Hooper*, 214 S.W.3d at 17. Therefore, after viewing all the evidence presented in the light most favorable to the verdict, we hold that a fact finder could have found that appellant committed burglary of a building without the effective consent of the owner beyond a reasonable doubt. *See Jackson,* 443 U.S. at 319.

---

[2] Appellant does not argue that his trial counsel provided ineffective assistance. We note that "[a] petition for writ of habeas corpus usually is the appropriate vehicle to investigate ineffective-assistance claims." *Mitchell v. State*, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002) (en banc).

We overrule appellant's sole issue.

### III.    CONCLUSION

The judgment of the trial court is affirmed.

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
10th day of June, 2021.