**Donald Ray JONES, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 06–07–00088–CR.

Court of Appeals of Texas, Texarkana.

Submitted Nov. 30, 2007.

Decided Dec. 5, 2007.

David A. Pearson, IV, Fort Worth, for appellant.

Gary Young, Lamar County and Dist. Atty., Paris, for appellee.

Before MORRISS, C.J., CARTER and MOSELEY, JJ.

## OPINION

Opinion by Justice MOSELEY.

Donald Ray Jones appeals his conviction by a Lamar County jury of aggravated assault with a deadly weapon and the resulting sentence assessed at thirty years' confinement.

Toward the end of Jones's stormy seven-year marriage to Theresa Davis,[1] Davis had been visiting at her niece's house, drinking beer and celebrating a child's birthday. Davis then elicited a ride from her mother and, upon arriving at the house which she shared with Jones, she discovered the front door locked. After she knocked loudly, either Jones opened the door to allow her to enter or she entered the house through another door. The story line diverges between two versions at this point.

In the version related by the victim, Davis maintained that Jones called her while she was at her niece's house, rudely instructing Davis to immediately return home. After she entered the house and put down her belongings, she asked Jones why he had told her to "Bring [my] ass home," whereupon Jones picked up a walking cane (about as big around as a half dollar and three to four feet in length) and attacked her with it, striking her with the cane between ten and twenty times. The beating ceased when Davis informed Jones that her mother remained outside the house in her car; when Jones went to determine the truth of the statement, Davis ran from the house. Shortly after Davis left the house, Jones ran to his truck, entered it, and sped from the premises. Davis maintained that she had no knife during this incident. Davis had to seek medical treatment for the wounds she suffered.

Jones's account of the encounter was quite different. He testified that Davis had been very drunk the evening before the incident and that he had called Davis's niece the afternoon of the incident to leave word for Davis not to come home if she was intoxicated. When Davis entered the house, she was carrying a beer and acting belligerent. She put down the beer she was carrying and came at him with a knife, cutting his finger. Jones then grabbed the cane and struck Davis repeatedly with it until she dropped the knife. Davis grabbed the cane Jones was still holding and they struggled over it; during this struggle, Jones let go of the cane, causing Davis to fall backward, striking her head on a stove. Jones then hurriedly left the house and went to the residence of his aunt, Betty Jones.

The common threads between the two stories are that Davis entered the house, Jones and Davis argued, and Jones repeatedly struck Davis with the cane. The incident came to a conclusion with Jones

---

1. At the time of the incident giving rise to the offense with which Jones was charged, the victim was then named Theresa Jones. They were divorced before the trial of this case and the victim resumed her former name of Theresa Ann Davis. We use "Davis" as the name of the victim rather than "Jones," the name used in the indictment.

rapidly leaving the house, getting into his truck, and leaving.

The State was allowed to introduce evidence of two prior circumstances in which Jones had subjected Davis to physical violence. On one prior occasion in 1999, Jones had struck Davis in the mouth, causing a split lip which needed to be sutured; on another occasion in 2004, Jones had choked Davis. On the first occasion, no criminal charges were filed, but Jones was convicted of family violence assault in 2004.

Jones raises two points of error in his appeal: (1) he complains of the actions of the trial court in allowing the admission of evidence of the two alleged prior assaults of Davis by Jones, and (2) he excepts to the refusal of the trial court to submit the issue of the lesser-included offense of simple assault to the jury.

## EVIDENCE OF PRIOR BAD ACTS

█ Jones complains that the trial court erred in allowing evidence of two prior assaults of Davis by Jones.

Jones correctly points out that Rule 404(b) provides that, "Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. . . ." *See* TEX.R. EVID. 404(b).

Jones makes the assertion in his brief that his case is substantially similar to and legally indistinguishable from *Hilliard v. State,* 881 S.W.2d 917 (Tex.App.-Fort Worth 1994, no pet.), but the two cases are easily distinguishable. In *Hilliard,* there was no question of self-defense raised by the accused; in this case, there was—the

existence of a claim of self-defense is determinative here.

In his opening statement, Jones provided a portion of his rendition of the incident and his version of the reason for physical violence. In that opening statement, Jones said, "The thing is, Mrs. Jones[2] started this by grabbing the knife and trying to cut Mr. Jones so it is a case of self-defense. You have a right to protect yourself and we are going to ask you to find that."

█ It is well settled that when an accused claims self-defense, the State, in order to show the accused's intent, may introduce rebuttal evidence of prior violent acts by the accused in order to show the intent of the person claiming self-defense. *Halliburton v. State,* 528 S.W.2d 216, 218–19 (Tex.Crim.App.1975); *Johnson v. State,* 963 S.W.2d 140, 144 (Tex.App.-Texarkana 1998, pet. ref'd); *Armstrong v. State,* 850 S.W.2d 230, 236 (Tex.App.-Texarkana 1993), *aff'd,* 897 S.W.2d 361 (Tex.Crim. App.1995). Evidence of prior violent acts also may be admissible to refute a defensive theory. *See Halliburton,* 528 S.W.2d at 218; *Albrecht v. State,* 486 S.W.2d 97, 101 (Tex.Crim.App.1972); *Morrow v. State,* 735 S.W.2d 907, 909 (Tex.App.-Houston [14th Dist.] 1987, pet. ref'd). "Extraneous-offense evidence is not inadmissible under Rule 404(b) when it is offered to rebut an affirmative defense or a defensive issue that negates one of the elements of the crime." *Casey v. State,* 215 S.W.3d 870, 879 (Tex.Crim.App.2007).

In some circumstances, positions or defenses first posited during an opening statement are subject to impeachment. *Powell v. State,* 63 S.W.3d 435, 439 (Tex. Crim.App.2001). In this circumstance, wherein Jones plainly stated in his opening argument that he was to rely on a claim of

---

**2.** Referring to Davis.

self-defense in the altercation which occurred between him and Davis, Jones opened the door for the State to show other incidents wherein Jones had visited violence on Davis. In introducing evidence of prior assaults by Jones on Davis, the State did nothing more than rebut the defense which had been raised by Jones in the opening statement.

This point of error is overruled.

## REFUSAL TO INCLUDE CHARGE OF LESSER–INCLUDED OFFENSE

█ Jones next complains of the refusal of the trial court to instruct the jury that it could find Jones guilty of the lesser-included offense of assault rather than the aggravated assault with which he was indicted.

In Texas, the answers to questions about lesser-included offenses must be based on Article 37.09 of the Texas Code of Criminal Procedure, which states:

An offense is a lesser included offense if:

(1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged;

(2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission;

(3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or

(4) it consists of an attempt to commit the offense charged or an otherwise included offense.

Tex.Code Crim. Proc. Ann. art. 37.09 (Vernon 2006).

However, the courts in Texas have struggled through the years regarding the proper application of the issue of lesser-included offenses. The problem in its application to practice deals with the definition in Article 37.09(1) of the term "facts required to establish."

Within the last year, the Texas Court of Criminal Appeals made a detailed review of the issue regarding the application of the lesser-included offense issue and determined that Texas follows the "cognate-pleadings" approach to analysis concerning it. *Hall v. State,* 225 S.W.3d 524 (Tex. Crim.App.2007). This approach is one "in which the court looks to the facts and elements as alleged in the charging instrument, and not just to the statutory elements of the offense, to determine whether there exists a lesser-included offense of the greater charged offense."[3] *Id.* at 526.

█ In *Hall,* the court returned to a two-step analysis discussed in the opinion issued on the original hearing of *Day v. State,* 532 S.W.2d 302 (Tex.Crim.App. 1975), criticizing the opinion issued on rehearing. In *Hall,* the court now says that the first step on appellate review is to ascertain whether there is, indeed, a lesser-included offense by comparing the elements of the greater offense and the lesser offense as contained in the charging document without any reference to the facts or evidence of the particular case. The second step comes only after the first determination is answered positively. That step is to conduct an inquiry concerning whether there was sufficient evidence at trial to have required the court to submit to the

---

**3.** The other cognate approach is known as the "cognate-evidence" approach, a more liberal approach in which the court first looks at the facts adduced at trial in its lesser-included offense analysis.

jury the issue of the lesser-included offense.

A person commits assault if the person "intentionally, knowingly, or recklessly causes bodily injury to another." *See* TEX. PENAL CODE ANN. § 22.01(a) (Vernon Supp. 2007). Assault becomes the offense of aggravated assault when one of the following two circumstances is present: 1) the assault causes serious bodily injury, or 2) the actor uses or exhibits a deadly weapon. *See* TEX. PENAL CODE ANN. § 22.02 (Vernon Supp.2007); *Landry v. State*, 227 S.W.3d 380 (Tex.App.-Texarkana 2007, pet. filed). The added factor of either the infliction of "serious" bodily injury or the employment of a deadly weapon in the assault is the potential element which magnifies the crime from assault (a misdemeanor) to aggravated assault (a felony).

Using the two-part test of *Day* as explained in *Hall*, we now first look at the indictment under which Jones was charged by the State. It shows that Jones was charged with having "intentionally or knowingly cause[d] bodily injury to Theresa Jones by hitting her with a cane or walking stick and the defendant did use or exhibit a deadly weapon during the commission of the assault, to-wit: a cane or walking stick." There are two elements here, one of which involved the infliction of bodily injury to another person, an act proscribed by Section 22.01 of the Texas Penal Code, this element being coupled with the use of a deadly weapon as mentioned in Section 22.02 of the Texas Penal Code. *See* TEX. PENAL CODE ANN. §§ 22.01, 22.02. The predicatory inclusion of simple assault within the description of aggravated assault would tend to show the inclusion of simple assault as a lesser-included offense of aggravated assault.

Following through with the second prong of the *Hall* test, we then look at the evidence at the time of trial.

Section 1.07(a)(17)(B) of the Texas Penal Code defines a "deadly weapon" to include: "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." TEX. PENAL CODE ANN. § 1.07(a)(17)(B) (Vernon Supp.2007). Detective Jeff Springer with the Paris Police Department testified that a walking cane which is between three to four feet in length and a half dollar in diameter (such as the one which Davis described as having been used by Jones to beat her) used by an adult male to strike an adult female would meet the definition of a deadly weapon. Jones admitted to having struck Davis with the cane (albeit maintaining that this was prompted by his desire to defend himself from her attack) and offered no rebuttal to the evidence of the deadly weapon nature of the cane which was used in the beating.

■■■ "This [second] prong of the test requires that the record contain some evidence '*that would permit a jury rationally to find* that if the defendant is guilty, he is guilty only of the lesser offense.'" *Enriquez v. State*, 21 S.W.3d 277, 278 (Tex. Crim.App.2000) (quoting *Skinner v. State*, 956 S.W.2d 532, 543 (Tex.Crim.App.1997)). The evidence must establish the lesser-included offense as a valid rational alternative to the charged offense. *Wesbrook v. State*, 29 S.W.3d 103, 113 (Tex.Crim.App. 2000). "[I]n determining whether the second prong has been met, it is not enough that the jury may disbelieve crucial evidence pertaining to the greater offense, but rather, there must be some evidence directly germane to the lesser-included offense for the finder of fact to consider before an instruction on a lesser-included offense is warranted." *Hampton v. State*, 109 S.W.3d 437, 441 (Tex.Crim.App.2003).

The evidence is uncontroverted that Jones struck Davis repeatedly with a cane

and that the cane (when used in the fashion Jones employed it) met the definition of a "deadly weapon." There was neither evidence adduced at any time that Jones did not strike Davis with the cane, nor was there any evidence presented that the cane was not a deadly weapon. The only real defense which Jones presented was that he struck Davis with the cane as an act of self-defense. Therefore, there was no germane evidence presented for the jury to rationally consider that the lesser-included offense of simple assault took place; under the evidence presented, if the jury found that any assault occurred at all, it was an aggravated assault. Jones's assertion that he was entitled to the inclusion of a lesser-included offense jury charge fails to satisfy the second prong of the *Hall* test. Accordingly, we overrule this point of appeal.

We affirm the judgment.