

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-09-00132-CR
_____

REGINALD DEWAYNE O'NEAL, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the Fourth Judicial District Court
Rusk County, Texas
Trial Court No. CR09-028

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

From all appearances, Reginald Dewayne O'Neal seemed to be a customer of Mohammed Haider's convenience store in late 2008[1] until grabbing the cash from the register, warning Haider not to follow him or else his "life will be miserable," and tugging at his own shirt. That caused Haider to believe O'Neal had a weapon, to fear his life was in danger, and to show his hands to O'Neal.

As a result of these events, O'Neal was charged with and convicted of robbery, a second-degree felony,[2] and was sentenced to thirty-five years' imprisonment in the Institutional Division of the Texas Department of Criminal Justice.[3]

In his sole point of error on appeal, O'Neal contends the trial court committed reversible error in failing to charge the jury on the lesser-included offense of theft. Because we find no error on the part of the trial court in failing to so charge the jury, we affirm the judgment.

---

[1] On December 23, 2008, O'Neal entered Haider's convenience store and bus station in Henderson and inquired if Haider sold a certain brand of cigarettes. As Haider retrieved the cigarettes, O'Neal indicated he wanted to purchase a few other items, to be rung up separately. Haider took five dollars from O'Neal to pay for the other items, and when Haider opened the register, O'Neal grabbed the cash from the register and told Haider, "If you follow me - - your life will be miserable." As he said this, O'Neal tugged at his own shirt, causing Haider to believe he had a hidden weapon. Haider "showed his hands," believing his life to be in danger. After attempting to locate O'Neal on his own, Haider contacted police, who apprehended and arrested O'Neal within the hour.

[2] TEX. PENAL CODE ANN. § 29.02 (Vernon 2003).

[3] O'Neal's robbery sentence was enhanced by one final prior institutional division conviction.

*A.      Theft Is a Lesser-Included Offense of Robbery*

Article 37.09 of the Texas Code of Criminal Procedure sets forth the parameters of what a lesser-included offense is.  An offense is lesser-included if:

(1)      it is established by proof of the same or less than all the facts required to establish the commission of the offense charged;
(2)      it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission;
(3)      it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or
(4)      it consists of an attempt to commit the offense charged or an otherwise included offense.

TEX. CODE CRIM. PROC. ANN. art. 37.09 (Vernon 2006).

The Texas Court of Criminal Appeals has set forth a two-step analysis to determine whether a defendant is entitled to a lesser-included offense instruction.  *Hall v. State*, 225 S.W.3d 524, 528 (Tex. Crim. App. 2007); *Jones v. State*, 241 S.W.3d 666, 670 (Tex. App.—Texarkana 2007, no pet.). Under this approach, the court must look to the "facts and elements as alleged in the charging instrument, and not just to the statutory elements of the offense, to determine whether there exists a lesser-included offense of the greater charged offense." *Hall*, 225 S.W.3d at 526.  The initial determination under the "cognate-pleadings" test, as set forth in *Hall*, is one of whether a lesser-included offense exists based on a comparison of the greater offense and the lesser offense as contained in the charging document, without looking to the evidence adduced in that particular case.

3

*Id.* at 535–36; *Jones*, 241 S.W.3d at 670. This is a question of law. *Hall*, 225 S.W.3d at 535. Only after the first determination is answered positively do we proceed to the second step of conducting an inquiry concerning whether there was sufficient evidence at trial to have required the court to submit to the jury the issue of the lesser-included offense. *Jones*, 241 S.W.3d at 670–71. Here, the lesser-included offense O'Neal claims should have been submitted to the jury was that of theft.

A person commits the offense of theft if "he unlawfully appropriates property with intent to deprive the owner of property."[4]

We next look to the indictment under which O'Neal was charged by the State. The indictment alleges that O'Neal,

> while in the course of committing theft of property with intent to obtain and maintain control of said property, intentionally, knowingly, or recklessly threaten[ed] Mohammed Haider with imminent serious bodily injury and death by holding his hand in his belt as if he had a weapon and grabbing money from the cash drawer when the said Mohammed Haider opened the cash register.

Proof of robbery requires proof of the elements comprising simple theft, as it is alleged that O'Neal was "in the course of committing theft of property with the intent to obtain and maintain

---

[4]TEX. PENAL CODE ANN. § 31.03(a) (Vernon Supp. 2009). Subsection (b) provides that

> appropriation of property is unlawful if: (1) it is without the owner's effective consent; (2) the property is stolen and the actor appropriates the property knowing it was stolen by another; or (3) property in the custody of any law enforcement agency was explicitly represented by any law enforcement agent to the actor as being stolen and the actor appropriates the property believing it was stolen by another.

TEX. PENAL CODE ANN. § 31.03(b) (Vernon Supp. 2009).

4

control of said property."  Here, theft is established by proof of the same or less than all the facts required to establish the commission of the offense charged; the inclusion of theft within the description of robbery would tend to show the inclusion of theft as a lesser-included offense of robbery.[5]

### B.     The Evidence Does Not Support a Jury Instruction on Theft

Even though theft is a lesser-included offense of robbery, that does not solve the issue of whether the jury should have been instructed on the offense of theft as a lesser-included offense.  In order to make this determination, we must evaluate the evidence introduced at trial. *Id.* at 671.  The standard here requires that the record contain some evidence that would permit a rational jury to find that the defendant is guilty only of the lesser offense. *Feldman v. State*, 71 S.W.3d 738, 750 (Tex. Crim. App. 2002).  The evidence must establish the lesser-included offense as a valid rational alternative to the charged offense. *Feldman*, 71 S.W.3d at 751; *Wesbrook v. State*, 29 S.W.3d 103, 113 (Tex. Crim. App. 2000) .

The rationale for this evidentiary requirement seeks to ensure that the jury is not instructed on a lesser-included offense not raised by the evidence; such an instruction "would constitute an invitation to the jury to return a compromise or otherwise unwarranted verdict." *Arevalo v. State*,

---

[5]We note that the jury was charged with the lesser-included offense of "theft from a person." This charge is not a separate offense; a charge of theft under Section 31.03(a) of the Texas Penal Code, which also includes the element "from the person" under Section 31.03(e)(4)(B) of the Texas Penal Code, properly charges the offense of theft, a state jail felony.  The record does not support the submission of the lesser-included offense of "theft from a person," as there is no evidence that O'Neal stole anything from Haider's person. This issue was not complained of on appeal.

943 S.W.2d 887, 889 (Tex. Crim. App. 1997). An instruction on a lesser-included offense must not constitute an invitation to the jury to reach an irrational verdict. *Id*. at 890. It is not enough, however, that the jury may disbelieve crucial evidence pertaining to the greater offense. Rather, there must be some evidence directly germane to the lesser-included offense for the finder of fact to consider before an instruction on a lesser-included offense is warranted. *Hampton v. State*, 109 S.W.3d 437, 441 (Tex. Crim. App. 2003); *Jones*, 241 S.W.3d at 671. Anything more than a scintilla of evidence is sufficient to entitle a defendant to a lesser charge. *Bignall v. State*, 887 S.W.2d 21, 23 (Tex. Crim. App. 1994).

With these evidentiary requirements in mind, we evaluate the evidence in this case to determine whether the lesser-included offense of theft should have been submitted to the jury. O'Neal points only to one admission made at the time of his arrest to the effect that, "I only stole cigarettes from that store" in support of his assertion that inclusion of a jury instruction on theft was warranted. O'Neal also points to the fact that the proceeds of the robbery (cash and cigarettes) were not recovered.

The question here is whether there is any evidence that, if believed, would eliminate the threat component of the proof required for a robbery conviction. Whether none or some of the stolen property was recovered has no relevance to any threat component. Thus, the question becomes solely whether the statement, "I only stole cigarettes from that store," is any evidence tending to refute the other evidence of a threat by O'Neal.

6

We read that statement, not as O'Neal's denial that he threatened Haider, but as his comment that he stole only cigarettes, not cash.[6]  That reading is consistent with the context of his other, related explanation, that officers found no stolen items.

Contrary to this failure of evidence was the compelling testimony of Haider that he was threatened by O'Neal and that O'Neal's actions caused him to fear for his life and safety.  While Haider admitted that he attempted to locate O'Neal after the robbery and that he would not normally pursue a person that he was afraid of, this testimony, at most, may cause a jury to disbelieve crucial evidence pertaining to the greater offense of robbery.  It is not, however, directly germane to the lesser-included offense of theft.  This evidence fails to satisfy the requirement that a jury could find that, if O'Neal was guilty, he was guilty only of the lesser offense of theft.  Accordingly, there was no error on the part of the trial court in failing to instruct the jury on the lesser-included offense of theft.

---

[6]Those who use precise grammar might take issue with our reading of O'Neal's statement and argue that O'Neal said he only stole, implying that he did not threaten.  But we are comfortable with our understanding of what O'Neal intended with his oral utterance made under pressure.  It was said aloud, not written in a carefully prepared school essay.

Because there was nothing more than a scintilla of evidence for the finder of fact to consider directly germane to the lesser-included offense of theft, the trial court did not err in refusing to submit an instruction on theft to the jury.

We affirm the judgment of the trial court.


Josh R. Morriss, III
Chief Justice

Date Submitted:     October 20, 2009
Date Decided:       November 5, 2009

Do Not Publish