Opinion filed August 21, 2015



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00229-CR

_____

**TRENTON MCVEL WILLIAMS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 238th District Court**
**Midland County, Texas**
**Trial Court Cause No. CR41145**

## M E M O R A N D U M   O P I N I O N

Trenton McVel Williams appeals his jury conviction for aggravated assault with a deadly weapon. The trial court assessed Appellant's punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of fifteen years. In two issues on appeal, Appellant argues that the trial court erred when it (1) denied his request for the jury to be charged on the lesser

included offense of simple assault causing bodily injury and (2) admitted an altered surveillance video into evidence. We reverse and remand.

*Background Facts*

The indictment charged Appellant with intentionally, knowingly, and recklessly causing bodily injury to Ethan Zeese by cutting and stabbing Zeese. The indictment further alleged that Appellant used and exhibited a deadly weapon in the form of a knife during the commission of the assault.

In November 2012, Zeese and Justin Derese were in Midland for work. They shared a room at the West Texas Motor Inn. Sometime during the night, they stepped outside their room to smoke. They encountered Appellant in the motel parking lot. He was sitting in the driver's seat of a red Dodge Avenger. A verbal disagreement ensued between Appellant, Zeese, and Derese. Testimony differed as to the cause of the dispute.

Derese approached Appellant's car to talk to him. The two had a conversation that ended when Appellant's door bumped Derese and Derese turned to walk away with Zeese. Appellant claimed that Derese spit on him while he sat in the car and that Derese threatened him, called him a name, and threw a beer on him. Derese denied that he ever threatened Appellant, but he admitted that he threw liquid onto Appellant's car, though he claimed it was water not beer.

Appellant testified that he could have driven away from the motel at that point, but he instead got out of the car and "went after" Derese. Appellant attacked Derese, and the two started to fight. Shortly thereafter, Zeese intervened on behalf of Derese, and the fight continued. The State introduced a surveillance video recording of the fight. The video showed Appellant go after Derese as he walked away from the car. The video further depicted the three men in a fight that eventually ended, after which Appellant briefly went after Derese again. The encounter concluded with Appellant gathering some belongings and leaving the scene in his vehicle.

2

Zeese suffered an injury to his head sometime during the physical altercation. Appellant testified that he was attempting to fight only Derese and that he never "went after" Zeese, that he never touched Zeese, and that he never "assaulted" Zeese. But later in Appellant's testimony, the prosecutor asked him, while watching the video of the fight, if Appellant "attacked Mr. Zeese." Appellant answered affirmatively. Appellant further claimed that he never possessed a knife at any time during the altercation. Officer Michael Nickell and Lieutenant Jerad Fain of the Midland Police Department arrived at the scene after the fight. They testified that the wound on Zeese's head appeared to be from a knife. Zeese testified that he did not see Appellant with a knife "at the beginning" of the fight but that he saw Appellant with a knife later in the fight. Zeese further testified that he initially thought Appellant struck him with a fist, but he later concluded that it was Appellant's knife that caused his wound. Derese testified that he saw a knife in Appellant's hand during the fight, a claim that Appellant disputed.

*Analysis*

In his first issue, Appellant challenges the trial court's denial of his request for an instruction on the lesser included offense of simple assault. We apply the *Aguilar/Rousseau*[1] test to determine whether an instruction on a lesser included offense should be given to the jury. *Cavazos v. State*, 382 S.W.3d 377, 382 (Tex. Crim. App. 2012). This is a two-prong test. The first prong is to determine "if the proof necessary to establish [the elements of] the charged offense also includes the lesser offense." *Id.* If this threshold is met, the second prong has us decide whether there is some evidence "in the record *that would permit a jury rationally to find* that if the defendant is guilty, he is guilty only of the lesser offense." *Rousseau*, 855 S.W.2d at 673. The purpose of the lesser included instruction is to avoid leaving

---

[1]*See Rousseau v. State*, 855 S.W.2d 666, 672 (Tex. Crim. App. 1993); *Aguilar v. State*, 682 S.W.2d 556, 558 (Tex. Crim. App. 1985).

jurors with two "equally distasteful" options: (1) acquit the defendant even though the jury believes he is guilty of the lesser included offense or (2) convict the defendant even though the jury does not believe he committed the charged offense. *Eldred v. State*, 578 S.W.2d 721, 723 (Tex. Crim. App. [Panel Op.] 1979). To avoid such a situation, lesser included instructions are liberally permitted. *Bignall v. State*, 887 S.W.2d 21, 24 (Tex. Crim. App. 1994).

The first step asks whether the lesser included offense is included within the proof necessary to establish the offense charged. *McKithan v. State*, 324 S.W.3d 582, 587 (Tex. Crim. App. 2010). We compare the statutory elements and any descriptive averments in the indictment for the greater offense with the statutory elements of the lesser included offense. *Ex parte Amador*, 326 S.W.3d 202, 206 n.5 (Tex. Crim. App. 2010); *Ex parte Watson*, 306 S.W.3d 259, 263 (Tex. Crim. App. 2009); *Hall v. State*, 225 S.W.3d 524, 535–36 (Tex. Crim. App. 2007); *see also* TEX. CODE CRIM. PROC. ANN. art. 37.09 (West 2006). This step is a question of law. *Hall*, 225 S.W.3d at 535. The State does not contest that the first prong of the test was satisfied in this case. Bodily injury assault in the manner alleged, but without the deadly weapon, is a lesser included offense of the alleged aggravated bodily injury assault. *See Jones v. State*, 241 S.W.3d 666, 671 (Tex. App.—Texarkana 2007, no pet.).

The second step is to determine if there is some evidence from which a rational jury could acquit the defendant of the greater offense, while convicting him of only the lesser included offense. *Guzman v. State*, 188 S.W.3d 185, 188–89 (Tex. Crim. App. 2006); *Salinas v. State*, 163 S.W.3d 734, 741 (Tex. Crim. App. 2005). The evidence must establish the lesser included offense as "a valid rational alternative to the charged offense." *Segundo v. State*, 270 S.W.3d 79, 91 (Tex. Crim. App. 2008); *see also Rice v. State*, 333 S.W.3d 140, 146 (Tex. Crim. App. 2011). We review all of the evidence presented at trial. *Hayward v. State*, 158 S.W.3d 476, 478–79 (Tex.

4

Crim. App. 2005); *Rousseau*, 855 S.W.2d at 673. Anything more than a scintilla of evidence is sufficient to entitle a defendant to a lesser charge. *Goad v. State*, 354 S.W.3d 443, 446 (Tex. Crim. App. 2011). In determining whether the evidence raises the requested lesser included offense, we do not consider the credibility of the evidence or whether it conflicts with other evidence. *Saunders v. State*, 840 S.W.2d 390, 391 (Tex. Crim. App. 1992).

Appellant argues that he was entitled to an instruction on the lesser included offense of simple assault because, among other things, he testified that he did not possess a knife and the video recording of the fight does not depict a knife in his possession. Based upon this evidence, Appellant contends that a rational jury could have found him guilty only of simple assault, not aggravated assault with a deadly weapon. The State argues that Appellant did not just deny that he possessed a knife but, rather, denied that he ever touched the victim (Zeese) at all. The State contends that such a denial equates to a complete denial of guilt as to either aggravated assault or simple assault. The State cites *Lofton v. State* for the proposition that a defendant's testimony that he committed no offense at all is not adequate to raise the issue of a lesser included offense. 45 S.W.3d 649, 652 (Tex. Crim. App. 2001).

In *Lofton*, two police officers decided to arrest the defendant after they responded to a domestic disturbance call involving the defendant. *Id.* at 650. The defendant realized he was going to be arrested and attempted to leave the scene. *Id.* When one of the officers attempted to restrain the defendant, he struck the officer twice in the face. The second blow knocked the officer's glasses across the room. *Id.* The two officers and the defendant engaged in a struggle, and the defendant was eventually restrained, arrested, and convicted of assault on a public servant. *Id.* at 649–51. At trial, the trial court denied the defendant's request for an instruction on the lesser included offense of resisting arrest. *Id.* at 650.

The Court of Criminal Appeals affirmed the trial court's denial of the requested instruction. *Id.* The court observed that the defendant "flatly denied that he struck [the officer]. He denied touching either officer at all." *Id.* at 651. The defendant further testified that he "didn't feel I was resisting or nothing like that. I didn't want to because I know that would not be right. I was just merely stating that I hadn't done anything wrong." *Id.* The court held that "if a defendant either presents evidence that he committed no offense or presents no evidence, *and there is no evidence otherwise showing that he is guilty only of a lesser-included offense*, then a charge on a lesser-included offense is not required." *Id.* at 652 (emphasis added) (quoting *Bignall*, 887 S.W.2d at 23) (internal quotation marks omitted).

Relying upon *Lofton*, the State contends that Appellant did not present any evidence that he was guilty only of a simple assault committed on Zeese. Specifically, the State asserts as follows:

> In sum, Appellant denies he committed any offense against Zeese. Appellant denied he struck Zeese or scratched Zeese. Appellant denied he ever touched Zeese. He does not even concede in his testimony that he might have hit Zeese while struggling with Derese. Appellant has not provided evidence to raise the issue of a lesser included offense.

(internal record citations omitted). Despite Appellant's testimony that the State cites above, there is one instance in the record where Appellant answered affirmatively to the prosecutor's question of whether he had "attacked Mr. Zeese."[2] Additionally, we must consider all of the evidence admitted a trial, not just the evidence presented by the defendant. *Goad*, 354 S.W.3d at 446. The surveillance video shows that Zeese was actually involved in the physical altercation between Appellant and Derese for a period of time. Zeese described his participation in the following

---

[2]This reference to Zeese may have been a mistake on both the part of the prosecutor and Appellant because each of them referenced Derese a few lines later in discussing the same activities portrayed on the video. Nonetheless, it is some evidence of the lesser included offense.

manner: "I had stood there to see if the confrontation was going to stop, and then I went to try to pull the Defendant off the -- off of Justin Derese." The prosecutor asked, "[H]ow did the Defendant respond to you trying to pull him off of your friend?" Zeese responded as follows: "He had gotten out of my arms, and what I had thought to be a punch to the side of the head turned out to be later a stab." Thus, there is evidence that Appellant was involved in a physical altercation with Zeese and that Zeese suffered a bodily injury as a result of the altercation. Furthermore, Appellant testified that he did not use or exhibit a knife at any time during the episode. Accordingly, there is some evidence from which a rational jury could have found Appellant guilty of only simple assault. "Anything more than a scintilla of evidence is sufficient to entitle a defendant to a lesser charge." *Goad*, 354 S.W.3d at 446 (citing *Bignall*, 887 S.W.2d at 23). We conclude that the trial court erred in denying the request for a charge on the lesser included offense of simple assault.

We must next analyze whether Appellant has suffered reversible harm by the failure to include a charge on the lesser included offense. The erroneous refusal to give a requested instruction on a lesser included offense is charge error subject to an *Almanza* harm analysis. *Saunders*, 840 S.W.2d at 392; *see Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985). Under *Almanza*, when jury-charge error has been preserved, as it was in this case, we will reverse if the error in the court's charge resulted in some harm to the accused. *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005); s*ee Almanza*, 686 S.W.2d at 171. "[T]he harm from denying a lesser offense instruction stems from the potential to place the jury in the dilemma of convicting for a greater offense in which the jury has reasonable doubt or releasing entirely from criminal liability a person the jury is convinced is a wrongdoer." *Masterson v. State*, 155 S.W.3d 167, 171 (Tex. Crim. App. 2005). Ordinarily, if the absence of a charge on the lesser included offense left the jury with the sole option either to convict the defendant of the charged offense or to acquit

7

him, some harm exists. *Saunders v. State*, 913 S.W.2d 564, 571 (Tex. Crim. App. 1995). In this case, the jury was faced with that same predicament. Accordingly, we conclude that Appellant suffered some harm, and we must reverse. We sustain Appellant's first issue on appeal. We need not address Appellant's second issue because of our disposition of the first issue. *See* TEX. R. APP. P. 47.1.

*This Court's Ruling*

We reverse the judgment of the trial court, and we remand the cause for a new trial.

JOHN M. BAILEY
JUSTICE

August 21, 2015

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.