

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-18-00087-CR

---

DONALD ROBINSON, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 167th District Court
Travis County, Texas
Trial Court No. D-1-DC-17-904057

---

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Burgess

MEMORANDUM OPINION

A Travis County jury[1] convicted Donald Robinson of aggravated assault with a deadly weapon, a second-degree felony, and made an affirmative finding of family violence. *See* TEX. PENAL CODE ANN. § 22.02(a)(2), (b) (West 2011). After the trial court found true an enhancement allegation made by the State, it sentenced Robinson to twelve years' imprisonment.

On appeal, Robinson argues in his sole point of error that the trial court erred in ruling that he had opened the door to the introduction of prior convictions and bad acts demonstrating his propensity for violence. Yet, Robinson claimed in both his opening statement and direct testimony during guilt/innocence that he never intended to hurt the victim and instead acted in self-defense. Therefore, we find that the trial court's ruling allowing the State to use extraneous-offense evidence to rebut Robinson's defense was not an abuse of discretion. However, we modify the trial court's judgment to reflect that Robinson was convicted of a second-degree felony and affirm the judgment, as modified.

## I. Standard of Review

We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010). Abuse of discretion occurs only if the decision is "so clearly wrong as to lie outside the zone within which reasonable people might disagree." *Taylor v. State*, 268 S.W.3d 571, 579 (Tex. Crim. App. 2008); *Montgomery v. State*,

---

[1]Originally appealed to the Third Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). We are unaware of any conflict between precedent of the Third Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh'g).  We may not substitute our own decision for that of the trial court.  *Moses v. State*, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003).  We will uphold an evidentiary ruling if it was correct on any theory of law applicable to the case.  *De La Paz v. State*, 279 S.W.3d 336, 344 (Tex. Crim. App. 2009).

## II.     The Trial Court's Ruling Was Not an Abuse of Discretion

### A.     Factual Background

The evidence at trial demonstrated that Robinson assaulted Jeneva Strait, his girlfriend and the mother of his children, in the parking lot of a Motel 6 while brandishing a knife.  During his opening statement, Robinson argued that he twisted Strait's arm to secure a knife she had pulled on him.  Robinson claimed that he never intended to hurt Strait, loved her, had merely acted in self-defense, and was simply trying to "keep her from . . . [a] world of drugs and prostitution."  He explained that Strait had left with Victor Atkins, a known drug-user who had attacked him on the day before the incident, and that Atkins' vehicle was in the parking lot of the Motel 6 where he found Strait.

During his direct testimony, Robinson testified consistently with the arguments made during his opening statement.  Robinson said that he and Strait were purchasing and using drugs with Atkins on the day before the incident when Atkins hit him on the hand with a hammer and drove away with Strait.  He testified that his only intention was to exit the Motel 6 parking lot where Atkins was parked and to take Strait home "to safety."  Robinson testified that Strait was agitated and did not really want to go with him.  He then testified that he "felt something sharp," grabbed it without looking, "caught her wrist," and "just out of reaction . . . twisted it."  When

3

asked what happened to Strait, Robinson said, "I don't know. I mean, it look[ed] like she fell." He testified that he did not push her down or try to cause her pain and was only attempting to protect himself and "get her home safely."

On cross-examination, Robinson admitted that he had been smoking crack cocaine and consumed alcohol prior to the altercation. Robinson denied that Strait was afraid of him, adding, "[S]he had nothing to fear from me." At that point, the State sought to introduce prior acts of violence contained in Robinson's criminal history to demonstrate that Strait had a reason to fear him. Robinson objected that the State could not ask questions on cross-examination for the purpose of establishing that he opened the door to evidence of extraneous bad acts. The trial court overruled Robinson's objection and allowed the State to introduce evidence that he was (1) arrested for violating a protective order, (2) convicted of assault causing bodily injury, (3) convicted of family violence assault, and (4) convicted of interfering with an emergency telephone call.

On appeal, Robinson argues that "the State may not rely on its own questioning on cross-examination to contradict the defendant and get in evidence [of] collateral matters and evidence of convictions for other offenses which would otherwise be inadmissible."

### B.      Analysis

"Evidence of extraneous offenses is generally inadmissible at the guilt phase of trial to prove action in conformity therewith." *Sims v. State*, 273 S.W.3d 291, 294 (Tex. Crim. App. 2008); *see* TEX. R. EVID. 404(a). Such evidence, however, may be admissible for other purposes, such as proof of motive, intent, plan, knowledge, or lack of mistake or accident. TEX. R. EVID.

404(b). "Rebuttal of a defensive theory is also one of the permissible purposes for which evidence may be admitted under Rule 404(b)." *Williams v. State*, 301 S.W.3d 675, 687 (Tex. Crim. App. 2009) (citing *Moses v. State*, 105 S.W.3d 622, 626 (Tex. Crim. App. 2003)).

It is true, as Robinson argues, that the State generally cannot "bootstrap" the admission of extraneous bad act evidence through cross-examination. *See Shipman*, 604 S.W.2d at 183–84 (holding that, "[w]hen a witness is cross-examined on a collateral matter, the cross-examining party may not then contradict the witness' answer" and that "[a] matter is collateral if the cross-examining party would not be entitled to prove that matter as part of his case"). Here, however, Robinson's opening statement unequivocally informed the State that it intended to rely on a theory of self-defense. "Although a defensive opening statement is not itself evidence, it does inform the jury of 'the nature of the defenses relied upon and the facts expected to be proved in their support.'" *Bass v. State*, 270 S.W.3d 557, 563 n.7 (Tex. Crim. App. 2008) (quoting TEX. CODE CRIM. PROC. ANN. art. 36.01 (West 2007)). Accordingly, "a defense opening statement may open the door to the admission of extraneous-offense evidence to rebut defensive theories presented in that opening statement." *De La Paz*, 279 S.W.3d at 345; *see Bass*, 270 S.W.3d at 563.

Moreover, Robinson reiterated his self-defense theory during his direct examination, claimed it was not his intent to hurt Strait, and testified that he twisted her wrist as a reflective response. Robinson described Strait as the aggressor and impressed on the jury that he was merely attempting to rescue her from drugs and prostitution. Where, as here, an accused claims self-defense, "the State may introduce evidence of prior violent acts where the accused was an aggressor in order to show his intent and to rebut the defense." *Graves v. State*, 452 S.W.3d 907,

913 (Tex. App.—Texarkana 2014, pet. ref'd); *Render v. State*, 347 S.W.3d 905, 920–21 (Tex. App.—Eastland 2011, pet. ref'd); *see Jones v. State*, 241 S.W.3d 666, 669–70 (Tex. App.— Texarkana 2007, no pet.) (citing *Johnson v. State,* 963 S.W.2d 140, 144 (Tex. App.—Texarkana 1998, pet. ref'd)); *Halliburton v. State*, 528 S.W.2d 216, 218 (Tex. Crim. App. 1975); *see also Grant v. State*, 247 S.W.3d 360, 367 (Tex. App.—Austin 2008, pet. ref'd).

Therefore, by the time the State began its cross-examination, Robinson had already opened the door to the extraneous bad act evidence. In light of Robinson's opening statement and direct testimony claiming self-defense, we find no abuse of discretion in the trial court's decision to allow the State to rebut the defense through introduction of his prior violent acts. Accordingly, we overrule Robinson's sole point of error.

### III. We Modify the Judgment to Reflect that Robinson Was Convicted of a Second-Degree Felony

Aggravated assault is a second-degree felony. TEX. PENAL CODE ANN. § 22.02(b). The offense becomes a first-degree felony when the actor uses a deadly weapon "and causes *serious* bodily injury" to a family member. TEX. PENAL CODE ANN. § 22.02(b)(1) (emphasis added). Here, the State's indictment specified that it was charging Robinson with a second-degree felony. Although the jury found that Robinson caused bodily injury to Strait, the State did not allege, and the jury did not find, that the bodily injury was serious. Instead, the jury simply made an affirmative finding of family violence. Therefore, Robinson was convicted of a second-degree felony.

Although the punishment range for Robinson's offense was enhanced due to his prior felony conviction for burglary of a vehicle, the actual offense level for the aggravated assault

6

charged remained a second-degree felony.  *See* TEX. PENAL CODE ANN. § 12.42(b) (West Supp. 2018); *see also Ford v. State*, 334 S.W.3d 230, 234 (Tex. Crim. App. 2011) (explaining that Section 12.42 of the Texas Penal Code "increases the punishment level only")).  Yet, the judgment of conviction states that the degree of the offense is a first-degree felony.

This Court has the authority to modify incorrect judgments when it has the information necessary to do so.  *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993).  Accordingly, we modify the trial court's judgment to reflect that Robinson was convicted of a second-degree felony.

## IV.  Conclusion

We affirm the trial court's judgment, as modified.


Ralph K. Burgess
Justice


Date Submitted:     January 30, 2019
Date Decided:       February 6, 2019

Do Not Publish

7