

# IN THE
# TENTH COURT OF APPEALS

## No. 10-18-00158-CR

**MARCUS DEWAYNE NICKERSON,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 85th District Court**
**Brazos County, Texas**
**Trial Court No. 16-01998-CRF-85**

## MEMORANDUM OPINION

In one issue, appellant, Marcus Dewayne Nickerson, challenges his conviction for

aggravated assault family violence causing serious bodily injury with a deadly weapon.

*See* TEX. PENAL CODE ANN. § 22.02(b)(1).  We affirm.

### I.    BACKGROUND

In the instant case, appellant was charged by indictment with one count of

aggravated assault family violence causing serious bodily injury, a first-degree felony,

and one count of unlawful possession of a firearm by a felon. The indictment also included a deadly-weapon notice, as well as an enhancement paragraph. Thereafter, appellant filed a motion to sever and to elect, and the State responded by dropping the one count of unlawful possession of a firearm by a felon.

This matter proceeded to a trial before a jury. At the charge conference, appellant orally objected to the charge and requested that, in addition to the lesser-included offense of second-degree aggravated assault family violence causing bodily injury with a deadly weapon that was included in the charge, the charge also include instructions on misdemeanor and felony deadly conduct. The trial court denied appellant's requests for instructions on misdemeanor and felony deadly conduct.

Thereafter, the jury found appellant guilty of aggravated assault family violence causing serious bodily injury with a deadly weapon and sentenced appellant to twenty-seven-and-a-half years' incarceration in the Institutional Division of the Texas Department of Criminal Justice. The trial court certified appellant's right of appeal, and this appeal followed.

## II.    CHARGE ERROR

In his sole issue on appeal, appellant argues that the trial court erred by failing to provide instructions on the lesser-included offenses of felony and misdemeanor deadly conduct in the jury charge. We disagree.

## A.    Applicable Law

We review a trial court's refusal to include a lesser-included-offense instruction for an abuse of discretion. *See Threadgill v. State*, 146 S.W.3d 654, 666 (Tex. Crim. App. 2004). An offense is a lesser-included offense if, among other things, it is established by proof of the same or less than all the facts required to establish the commission of the offense charged. *See* TEX. CODE CRIM. PROC. ANN. art. 37.09(1); *Hall v. State*, 225 S.W.3d 524, 527 (Tex. Crim. App. 2007). The Court of Criminal Appeals has set forth a two-step analysis to determine whether the defendant is entitled to a lesser-included-offense instruction. *Hall*, 225 S.W.3d at 535-36; *see Jones v. State*, 241 S.W.3d 666, 670 (Tex. App.— Texarkana 2007, no pet.). Under the "cognate-pleadings" test, as set forth in *Hall*, the first step concerns whether a lesser-included offense exists based on a comparison of the greater offense, as contained in the charging document, and the lesser offense, without looking to the evidence adduced in that particular case. *Hall*, 225 S.W.3d at 526; *see Jones*, 241 S.W.3d at 670. "This is a question of law, and it does not depend on the evidence to be produced at trial." *Rice v. State*, 333 S.W.3d 140, 144 (Tex. Crim. App. 2011). Only after the first step is answered positively do we proceed to the second step of conducting an inquiry concerning whether there was sufficient evidence at trial to have required the court to submit to the jury the issue of the lesser-included offense. *Jones*, 241 S.W.3d at 670-71.

Appellant argues, and the State concedes, that felony and misdemeanor deadly conduct are lesser-included offenses of aggravated assault with a deadly weapon-family violence. Because the focus of the parties' arguments is on the second step, we will assume, without deciding, that misdemeanor and felony deadly conduct are lesser-included offenses of aggravated assault family violence causing serious bodily injury with a deadly weapon.[1]

**B.    Discussion**

Under step two, appellant is entitled to a deadly-conduct instruction if "'there is some evidence in the record that would permit a jury rationally to find that if the defendant is guilty, he is guilty *only* of the lesser-included offense.'"  *Hall*, 225 S.W.3d at 536 (quoting *Bignall*, 887 S.W.2d at 23) (emphasis added); *see Cavazos v. State*, 382 S.W.3d 377, 383 (Tex. Crim. App. 2012).  "This second step is a question of fact and is based on the evidence presented at trial."  *Cavazos*, 382 S.W.3d at 383.  A defendant is entitled to a

---

[1] Section 22.02(a) states that a person commits the offense of aggravated assault if the person causes serious bodily injury to another, including the person's spouse, or uses or exhibits a deadly weapon during the commission of the assault. TEX. PENAL CODE ANN. § 22.02(a).  The offense is elevated to a first-degree felony if the actor uses a deadly weapon during the commission of the assault and causes serious bodily injury to a person whose relationship or association with the defendant is described in sections 71.0021(b), 71.003, or 71.005 of the Family Code.  *Id.* § 22.02(b).

On the other hand, section 22.05(a) of the Penal Code provides that a person commits the offense of deadly conduct "if he recklessly engages in conduct that places another in imminent danger of serious bodily injury."  *Id.* § 22.05(a).  This is commonly referred to as misdemeanor deadly conduct.  Section 22.05(b) further provides that a person commits deadly conduct if he knowingly discharges a firearm at or in the direction of one or more individuals or a habitation, building, or vehicle and is reckless as to whether the habitation, building, or vehicle is occupied.  *Id.* § 22.05(b).  This is commonly referred to as felony deadly conduct.

lesser-included-offense instruction if some evidence from any source raises a fact issue on whether he is guilty of only the lesser offense, regardless of whether such evidence is weak, impeached, or contradicted. *Id.* "'[A]nything more than a scintilla of evidence may be sufficient to entitle a defendant to a lesser charge.'" *Hall*, 225 S.W.3d at 536 (quoting *Bignall*, 887 S.W.2d at 23). However, a defendant is not entitled to a lesser-included-offense instruction simply because the evidence supporting the greater offense is weak, the evidence supporting the greater charge is discredited or weakened during cross-examination, or the jury might disbelieve crucial evidence pertaining to the greater offense. *See Bignall v. State*, 887 S.W.2d 21, 24 (Tex. Crim. App. 1994). That is, "there must be some evidence directly germane to a lesser included offense for the factfinder to consider before an instruction on a lesser included offense is warranted." *Id.* "The evidence must establish the lesser-included offense as 'a valid, rational alternative to the charged offense.'" *Rice*, 333 S.W.3d at 145 (quoting *Hall*, 225 S.W.3d at 536). Such is not the case here.

Specifically, the evidence established that appellant and the complainant, C.K., were arguing on C.K.'s porch. During the argument, appellant repeatedly told C.K. that "if I can't be with you, nobody else is going to be with you." Then, appellant turned and walked away towards the parking lot of the duplex. However, prior to arriving at his vehicle, appellant turned around and fired his gun at C.K. Investigators determined that appellant fired four shots at C.K. and that one of the shots struck C.K. in the leg, near her

knee. C.K.'s neighbor, Jessica Balderas, indicated that C.K.'s knee was bleeding due to the gunshot. C.K. went to Balderas's house after being shot and left a trail of blood from her porch to the sidewalk between Balderas's house and C.K.'s house. Balderas took C.K. to the hospital for treatment.

Medical records indicated that the billing code used for C.K.'s injury was "accidental discharge from unspecified firearms or gun initial encounter." However, Dr. Sarah Rapp, an emergency medicine physician at St. Joseph's Hospital in Bryan, Texas, explained that this was "something that billing did upon review of the chart." Medical records also indicated that C.K. denied the "presence of domestic violence," But Dr. Rapp countered that this designation was entered by a nurse, not her. Furthermore, C.K. told Dr. Rapp that she did not feel any pain as a result of the gunshot wound and that the person who shot her was "playing." Dr. Rapp recalled being suspicious of C.K.'s statements and the circumstances surrounding the gunshot wound. Moreover, in her testimony, C.K. denied saying that this was an "accidental discharge from a gun" and that appellant was just "playing."

Wade Whitmer, M.D., was the orthopedic surgeon who treated C.K.'s injuries. Dr. Whitmer described C.K.'s injury and showed it to be a serious bodily injury. He also emphasized that the entrance wound on C.K.'s leg would have been larger than he observed it to be if the bullet had struck asphalt or brick prior to hitting C.K.

Regarding misdemeanor deadly conduct, there is no evidence from which the jury rationally could conclude that appellant recklessly engaged in conduct that placed C.K. in imminent danger of serious bodily injury, without intentionally, knowingly, or recklessly causing serious bodily injury to C.K. when he did so. Likewise, there was no evidence from which a jury rationally could conclude that appellant knowingly discharged a firearm at or in the direction of C.K., without intentionally, knowingly, or recklessly causing serious bodily injury to C.K. when he did so. In other words, there is not more than a scintilla of evidence that would permit a jury rationally to find that if appellant is guilty, he is guilty of *only* misdemeanor or felony deadly conduct, rather than aggravated assault family violence with a deadly weapon.[2] *See* TEX. PENAL CODE ANN. §§ 22.02(a)-(b), 22.05(a)-(b); *Cavazos*, 382 S.W.3d at 383, 385 ("Meeting this threshold requires more than mere speculation—it requires affirmative evidence that both raises the lesser-included offense and rebuts or negates an element of the greater offense."); *Hall*, 225 S.W.3d at 536; *Bignall*, 887 S.W.2d at 23; *see also Guzman v. State*, 188 S.W.3d 185, 197-98 (Tex. Crim. App. 2006) (Keller, P.J., concurring)[3]; *Walker v. State*, 994 S.W.2d 199, 203 (Tex.

---

[2] The evidence does not demonstrate that appellant pointed his gun elsewhere to avoid hitting C.K., *see Bell v. State*, 693 S.W.2d 434, 443 (Tex. Crim. App. 1985), or that appellant's gun discharged accidentally during a struggle over the gun, *see Isaac v. State*, 167 S.W.3d 469, 475 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd). Rather, as noted above, it was undisputed that appellant knowingly discharged the gun at or in the direction of C.K.

[3] In her concurring opinion in *Guzman v. State*, Presiding Judge Keller noted the following, which is relevant to the case at bar:

Under *Harrell*, *Forest*, and *Jackson*, the rule the State proposes follows logically from the elements of aggravated assault and misdemeanor deadly conduct. Misdemeanor deadly

App.—Houston [1st Dist.] 1999, pet. ref'd) ("Section 22.05 of the Texas Penal Code covers

intent that falls short of harming another:  that is, although no physical harm results, the

acts are highly dangerous. . . .  If injury actually occurs from appellant's deliberate

conduct, the act of shooting towards the victim constitutes more than deadly conduct.");

*Ramirez v. State*, 976 S.W.2d 219, 227 (Tex. App.—El Paso 1998, pet. ref'd) ("Once appellant

---

conduct is committed if the defendant recklessly engages in conduct that places another in imminent danger of serious bodily injury.  If, in committing that offense, the defendant inflicts *serious* bodily injury, there can be no question that he has at least committed aggravated assault by recklessly inflicting serious bodily injury.  That being so, the evidence cannot support a rational inference that the defendant is guilty only of deadly conduct.

Although less obvious, it is also true that inflicting bodily injury while engaging in an act that places the victim in danger of serious bodily injury constitutes the offense of aggravated assault by recklessly inflicting bodily injury and using a deadly weapon.  This is so because the definition of deadly weapon encompasses *anything* that in the manner of its use or intended use is capable of causing death or serious bodily injury.  Our cases have made clear that anything means *anything*.  An act that places someone in danger of serious bodily injury (relied upon to establish deadly conduct) necessarily entails using something that, in its manner of use, is capable of causing serious bodily injury—and so establishes the use of a deadly weapon.

. . .

Certainly the State could choose to charge conduct that inflicts injury as deadly conduct rather than aggravated assault, just as the State could choose to charge conduct that inflicts serious bodily injury as a simple assault rather than an aggravated assault.  The question is not whether the State could have prosecuted deadly conduct in the first instance but whether a party is entitled to the submission of deadly conduct as a lesser-included offense in the face of a fact that necessarily raises an offense greater than deadly conduct.

I would hold that, when a defendant is charged with committing an act that causes bodily injury—e.g., aggravated assault—the second prong of the lesser included offense test is never met when the evidence that the victim was injured is undisputed.  Because that it is the case here, I agree that appellant was not entitled to the instruction.

188 S.W.3d 185, 197-98 (Tex. Crim. App. 2006) (Keller, P.J., concurring) (internal citations and quotations omitted).

fired the gun and shot Rodrigo Ramirez, Rodrigo Ramirez was no longer merely in imminent danger of serious bodily injury. . . . If injury results from Appellant's conduct, the act of shooting at Rodrigo Ramirez constitutes more than deadly conduct. The evidence cannot support a rational inference by the jury that Appellant was guilty only of deadly conduct." (internal citations omitted)); *Mares v. State*, 903 S.W.2d 419, 422 (Tex. App.—Eastland 1995, pet. ref'd) ("Section 22.05 covers intent which falls short of harming another: that is, although no physical harm results, the acts are highly dangerous."). Accordingly, we cannot say that the trial court abused its discretion by refusing to include appellant's requested instructions on misdemeanor and felony deadly conduct in the jury charge. *See Threadgill*, 146 S.W.3d at 666. We overrule appellant's sole issue on appeal.

## III.    CONCLUSION

We affirm the judgment of the trial court.


JOHN E. NEILL
Justice

Before Chief Justice Gray,
     Justice Neill, and
     Justice Johnson
Affirmed
Opinion delivered and filed February 17, 2021
Do not publish
[CRPM]