

# IN THE
# TENTH COURT OF APPEALS

## No. 10-19-00064-CR

**GARY MCGRUDER,**

                                        **Appellant**

 v.

**THE STATE OF TEXAS,**

                                        **Appellee**

---

### From the 85th District Court
### Brazos County, Texas
### Trial Court No. 17-04501-CRF-85

---

## MEMORANDUM OPINION

---

In three issues, appellant, Gary Wayne McGruder, challenges his conviction for burglary of a habitation. *See* TEX. PENAL CODE ANN. § 30.02(a), (c)(2) (West 2019). Specifically, McGruder contends that: (1) the trial court erred by failing to suppress statements made as a result of custodial interrogation prior to his arrest; (2) the trial court erred by refusing to instruct the jury on the lesser-included offense of theft; and (3) there

is not sufficient evidence to support his conviction. Because we overrule all of McGruder's issues on appeal, we affirm.

## I. McGruder's Motion to Suppress

In his first issue, McGruder asserts that he was subjected to extensive interrogation before he had been advised of his rights not to speak to officers and to have an attorney present during questioning. Because of this purported constitutional violation, McGruder contends that the trial court erred by failing to suppress statements made as a result of the alleged custodial interrogation.

### A. Standard of Review

We review a trial court's ruling on a motion to suppress evidence for an abuse of discretion and overturn the ruling only if it is arbitrary, unreasonable, or "outside the zone of reasonable disagreement." *State v. Story*, 445 S.W.3d 729, 732 (Tex. Crim. App. 2014); *State v. Dixon*, 206 S.W.3d 587, 590 (Tex. Crim. App. 2006). We give almost complete deference to the trial court's determination of historical facts, but we review the court's application of the law to those facts de novo. *Story*, 445 S.W.3d at 732; *Dixon*, 206 S.W.3d at 590.

### B. Applicable Law

In deciding whether an individual was in custody, we take the findings that are supported by the record and determine whether they constitute a *Miranda* custody situation as a matter of law. *State v. Saenz*, 411 S.W.3d 488, 494 (Tex. Crim. App. 2013).

Central to this issue is whether McGruder demonstrated that his questioning by law enforcement at the scene was a "custodial interrogation." The defendant bears the burden of proving that a statement was the product of a custodial interrogation. *Herrera v. State*, 241 S.W.3d 520, 526 (Tex. Crim. App. 2007). Custodial interrogation refers to "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." *Miranda v. Arizona*, 384 U.S. 436, 444, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966). *Miranda* provides that a defendant's statements "stemming from custodial interrogation" are inadmissible as evidence against him unless he is advised of certain constitutional rights under the Fifth Amendment. *Id.* ("Prior to any questioning, the person must be warned that he has a right to remain silent, that any statement he does make may be used as evidence against him, and that he has a right to the presence of an attorney, either retained or appointed."); *see* U.S. CONST. amend. V.

The state counterpart is article 38.22 of the Code of Criminal Procedure, which similarly provides that a defendant's oral statement "made as a result of custodial interrogation" is inadmissible in a criminal proceeding unless a recording is made of the statement, the defendant is warned during the recording but before making the statement that "any statement he makes may be used as evidence against him in court," and he knowingly, intelligently, and voluntarily waives those rights. TEX. CODE CRIM. PROC. ANN. art. 38.22, § 3(a)(1)-(2) (West 2018); *see Herrera*, 241 S.W.3d at 526 (stating that

construction of "custody" for purposes of article 38.22 of Texas Code of Criminal Procedure is consistent with meaning of "custody" for purposes of *Miranda* and Fifth Amendment).   Statements that do not "stem from custodial interrogation" are not precluded by article 38.22. TEX. CODE CRIM. PROC. ANN. art. 38.22, § 5.

In *Dowthitt*, the Court of Criminal Appeals identified four situations that may constitute custody:  (1) when the suspect is physically deprived of his freedom of action in any significant way; (2) when a law-enforcement officer tells the suspect that he cannot leave; (3) when law-enforcement officers create a situation that would lead a reasonable person to believe that his freedom of movement has been significantly restricted; and (4) when there is probable cause to arrest and law-enforcement officers do not tell the suspect that he is free to leave.  *Dowthitt v. State*, 931 S.W.2d 244, 255 (Tex. Crim. App. 1996). Regarding the first through third situations, the restriction on the suspect's freedom of movement must be to the degree associated with an arrest as opposed to an investigative detention.  *Id.*

Noncustodial investigative detentions and arrests both involve a restraint on an individual's freedom of movement, but an arrest involves a comparatively greater restraint.  *State v. Sheppard*, 271 S.W.3d 281, 290 (Tex. Crim. App. 2008).  No bright-line test distinguishes investigative detentions from arrests; rather, courts consider several factors to determine whether an individual is in custody, including the amount of force displayed; the duration of the detention; the efficiency of the investigative process and

whether it is conducted at the original location or the individual is transported to another location; the officer's expressed intent, i.e., whether he told the individual that he was under arrest or was being detained only for a temporary investigation; and any other relevant factors. *Id.* at 291. A detention is not an arrest if the degree of incapacitation is no more than necessary to safeguard the officers and assure the suspect's presence during a period of investigation. *See id.* Ultimately, courts must determine whether, given the circumstances surrounding the interrogation, a reasonable person would have perceived detention by law-enforcement officers to be a restraint on his movement comparable to the restraint of formal arrest. *Berkemer v. McCarty*, 468 U.S. 420, 441, 104 S. Ct. 3138, 82 L. Ed. 2d 317 (1984); *Herrera*, 241 S.W.3d at 525. Assessment of whether an individual is in custody is made on an ad hoc, case-by-case basis. *Dowthitt*, 931 S.W.2d at 255.

C.    **Discussion**

At the hearing on McGruder's motions to suppress, Officer Jason Arnold of the College Station Police Department testified that he was serving as a courtesy officer for the Cedar Ridge apartment complex. During his night patrol, at 4:30 a.m., Officer Arnold saw a male, later identified as McGruder, in dark clothing walking quickly from Building 5. Officer Arnold noticed that McGruder was carrying a flat-screen television and was quickly trying to exit the apartment complex. When Officer Arnold caught up with McGruder, Officer Arnold noticed that McGruder also "had things stuffed in his shirt"

and suspected that McGruder was "burglarizing the complex." Officer Arnold detained McGruder "due to his furtive movements."

In the interest of officer safety, Officer Arnold requested that McGruder remove the items stuffed in his shirt. McGruder complied and removed an Apple TV box, a DVD player, a pair of flip flops, and a cell phone from under his shirt. Officer Arnold recounted that both the Apple TV box and DVD player had wires connected to them, "as if they had just been removed from whatever device they were connected to."

At this point, Officer Arnold requested identification from McGruder. McGruder's driver's license indicated that he did not live at the Cedar Ridge apartment complex. Next, Officer Arnold asked dispatch to run a criminal history on McGruder, which took some time. While waiting for dispatch, Officer Arnold interviewed McGruder "about his night, his whereabouts, where he was coming from, where he was trying to go, where he had obtained the items from." Officer Arnold recounted that he told McGruder that he was being detained and not arrested at this time. McGruder acknowledged that he understood and consented to a search of his person. No other contraband was found on McGruder's person.

Thereafter, Officer Arnold turned on the cell phone and determined that McGruder was not the owner of the cell phone. Officer Arnold, his partner, Officer Kofoet, and other officers who arrived began canvassing the apartment complex "looking for entered vehicles, entered residences," so that the property could be returned to its

rightful owner. Officers eventually discovered an open window to one of the apartments. Suspecting that the items in McGruder's possession were stolen from this apartment, officers sought to contact the apartment occupant, Jiacheng Lu. They had difficulty contacting Lu at first, but eventually were able to do so with the help of a neighbor. Lu identified as hers the flat-screen television, the Apple TV box, and the DVD player. The cell phone and flip flops belonged to someone else.

In any event, Lu indicated that she wished to press charges, and McGruder was subsequently placed under arrest. Officer Arnold testified that the detention of McGruder lasted approximately an hour and a half, but that entire detention involved a continuous investigation of the situation. It was during the detention and continuous investigation that McGruder made certain recorded statements to Officer Arnold, which were the subject of the motions to suppress.

Based on the evidence adduced during the suppression hearing, we cannot say that McGruder's statements to officers were the product of custodial interrogation, which required Officer Arnold to administer *Miranda* warnings prior to questioning McGruder. Our conclusion is premised on the following facts: (1) Officer Arnold had reasonable suspicion to detain McGruder for an investigative detention; (2) Officer Arnold specifically told McGruder that he was not under arrest, but rather was being detained for purposes of the investigation; (3) McGruder's detention occurred in the parking lot where McGruder was discovered with the items and did not involve him being

handcuffed or placed in a patrol vehicle; rather, he merely sat on the ground while the police investigated the suspected burglary; and (4) the length of the detention involved a continuous investigation of the situation to determine whether a crime had been committed. *See Terry v. Ohio*, 392 U.S. 1, 22, 88 S. Ct. 1868, 20 L. Ed. 889 (1968); *Sheppard*, 271 S.W.3d at 289 (noting that while a person is not free to leave during a temporary detention, the detention allows for an officer to investigate whether a crime had been committed and does not constitute a custodial arrest); *see also Akins v. State*, 202 S.W.3d 879, 885 (Tex. App.—Fort Worth 2006, pet. ref'd) (noting that investigative detention must last no longer than necessary to effectuate the purpose of the stop and must involve actual investigation).

This evidence touches on virtually all of the *Sheppard* factors and demonstrates that officers employed minimal force; the length of the detention was only as long as necessary to investigate whether a crime had been committed; the detention was conducted where Officer Arnold first saw McGruder; and Officer Arnold specifically informed and McGruder acknowledged that this was merely an investigative detention and not a formal arrest. *Sheppard*, 271 S.W.3d at 290; *see Rhodes v. State*, 945 S.W.2d 115, 117 (Tex. Crim. App. 1997) ("The officer's testimony is a factor to be considered, along with the other facts and circumstances of the detention, in determining whether an arrest has taken place."); *but see Abernathy v. State*, 963 S.W.2d 822, 824 (Tex. App.—San Antonio 1998, pet. ref'd) (stating that a police officer's subjective view does not bear upon the

question of whether a suspect is in custody for purposes of *Miranda* if the subjective view is not disclosed by the officer to the suspect). Therefore, viewing the evidence in the light most favorable to the trial court's ruling, we conclude that McGruder's statements were the product of a temporary detention, not a custodial interrogation. Thus, *Miranda* warnings were not required. *See Dowthitt*, 931 S.W.2d at 263. And based on the foregoing, we conclude that the trial court did not abuse its discretion by denying McGruder's motion to suppress. *See Story*, 445 S.W.3d at 732; *see also Dixon*, 206 S.W.3d at 590. We overrule McGruder's first issue.

## II. THE JURY CHARGE

In his second issue, McGruder argues that the trial court erred by refusing to issue an instruction in the jury charge on the lesser-included offense of theft. Specifically, McGruder asserts that there was more than a scintilla of evidence supporting a finding that he did not enter the victim's residence; therefore, the jury should have been instructed on theft.

We review a trial court's refusal to include a lesser-included-offense instruction for an abuse of discretion. *See Threadgill v. State*, 146 S.W.3d 654, 666 (Tex. Crim. App. 2004). An offense is a lesser-included offense if, among other things, it is established by proof of the same or less than all the facts required to establish the commission of the offense charged. *See* TEX. CODE CRIM. PROC. ANN. art. 37.09(1) (West 2006); *Hall v. State*, 225 S.W.3d 524, 527 (Tex. Crim. App. 2007). The Court of Criminal Appeals has set forth

a two-step analysis to determine whether a defendant is entitled to a lesser-included-offense instruction. *Hall*, 225 S.W.3d at 535-36; *Jones v. State*, 241 S.W.3d 666, 670 (Tex. App.—Texarkana 2007, no pet.). Under the "cognate-pleadings" test, as set forth in *Hall*, the first step concerns whether a lesser-included offense exists based on a comparison of the greater offense, as contained in the charging document, and the lesser offense, without looking to the evidence adduced in that particular case. *Hall*, 225 S.W.3d at 526; *Jones*, 241 S.W.3d at 670. "This is a question of law, and it does not depend on the evidence to be produced at trial." *Rice v. State*, 333 S.W.3d 140, 144 (Tex. Crim. App. 2011). Only after the first step is answered positively do we proceed to the second step of conducting an inquiry concerning whether there was sufficient evidence at trial to have required the court to submit to the jury the issue of the lesser-included offense. *Jones*, 241 S.W.3d at 670-71.

The State concedes, and we agree, that the offense of theft can be a lesser-included offense of burglary. *See Phillips v. State*, 178 S.W.3d 78, 82 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd) ("The offenses of theft and criminal trespass can be lesser-included offenses of burglary." (internal citations omitted)). We therefore proceed to the second step in the *Hall* analysis.

Step two of the *Hall* analysis involves the consideration of whether there is some evidence that would permit a rational jury to find that, if McGruder is guilty, he is guilty only of the lesser offense. *See Cavazos v. State*, 382 S.W.3d 377, 383 (Tex. Crim. App. 2012);

*see also Hall*, 225 S.W.3d at 536. "This second step is a question of fact and is based on the evidence presented at trial." *Cavazos*, 382 S.W.3d at 383. A defendant is entitled to a lesser-included-offense instruction if some evidence from any source raises a fact issue on whether he is guilty of only the lesser offense, regardless of whether such evidence is weak, impeached, or contradicted. *Id.* However, a defendant is not entitled to a lesser-included-offense instruction simply because the evidence supporting the greater offense is weak, the evidence supporting the greater charge is discredited or weakened during cross-examination, or the jury might disbelieve crucial evidence pertaining to the greater offense. *See Bignall v. State*, 887 S.W.2d 21, 24 (Tex. Crim. App. 1994). That is, "there must be some evidence directly germane to a lesser included offense for the factfinder to consider before an instruction on a lesser included offense is warranted." *Id.* "The evidence must establish the lesser-included offense as 'a valid, rational alternative to the charged offense.'" *Rice*, 333 S.W.3d at 145 (quoting *Hall*, 225 S.W.3d at 536).

Contrary to McGruder's assertion, the record does not contain evidence demonstrating that if McGruder is guilty, he is guilty only of the lesser included offense of theft. Specifically, McGruder relies on the fact that the record does not show that he used burglar tools or nondescript clothing during the commission of the offense. However, the failure to recover evidence is not sufficient to warrant an instruction on the lesser-included offense. *See Cavazos*, 382 S.W.3d at 385 (holding that a defendant is not entitled to a jury instruction on a lesser-included offense based on mere speculation; "it

requires affirmative evidence that both raises the lesser-included offense and rebuts or negates an element of the greater offense"); *see also Hampton v. State*, 109 S.W.3d 437, 441 (Tex. Crim. App. 2003) (holding that the trial court erred in submitting an instruction on the lesser-included offense of sexual assault because the failure to find or retrieve a knife matching the description given by the complainant is not "affirmative evidence" that no knife was used during the assault). We cannot say that McGruder proffered more than a scintilla of evidence supporting the requested instruction.

Additionally, Officer Arnold testified that McGruder denied taking the items from someone and stated that he got the items from a dumpster, despite the fact that none of the items were grimy, McGruder's clothes did not appear to be soiled, and several of the items had cords and brackets hanging from them. McGruder's statement to police regarding the items found in a dumpster amounts to a denial that any criminal offense occurred at all. Indeed, by asserting that he found the items in the dumpster, McGruder suggested that these items were abandoned property and, thus, negated all of the elements of burglary and theft. Accordingly, we cannot say that McGruder's statements to police regarding the items found in the dumpster constitutes affirmative evidence that he was guilty of only theft. *See Lofton v. State*, 45 S.W.3d 649, 652 (Tex. Crim. App. 2001) ("A defendant's own testimony that he committed no offense, or testimony that otherwise shows that no offense occurred at all, is not adequate to raise the issue of a lesser-included offense."). We therefore conclude that, based on our review of the

evidence, McGruder has failed to establish the second step in *Hall*. *See Cavazos*, 382 S.W.3d at 383; *Hall*, 225 S.W.3d at 536; *Bignall*, 887 S.W.2d at 24. Accordingly, we cannot say that the trial court abused its discretion by refusing to issue an instruction in the charge of the lesser-included offense of theft. *See Threadgill*, 146 S.W.3d at 666. We overrule McGruder's second issue.

### III.    SUFFICIENCY OF THE EVIDENCE

In his third issue, McGruder contends that the evidence supporting his conviction is insufficient because the State failed to establish beyond a reasonable doubt that he was the individual who entered Lu's residence where the stolen property had been. We disagree.

### A.    Standard of Review

The Court of Criminal Appeals has expressed our standard of review of a sufficiency issue as follows:

> When addressing a challenge to the sufficiency of the evidence, we consider whether, after viewing all of the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *Villa v. State*, 514 S.W.3d 227, 232 (Tex. Crim. App. 2017). This standard requires the appellate court to defer "to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. We may not re-weigh the evidence or substitute our judgment for that of the factfinder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). The court conducting a sufficiency review must not engage in a "divide and conquer" strategy but must consider the cumulative force of all the evidence. *Villa*, 514 S.W.3d at 232. Although

juries may not speculate about the meaning of facts or evidence, juries are permitted to draw any reasonable inferences from the facts so long as each inference is supported by the evidence presented at trial. *Cary v. State*, 507 S.W.3d 750, 757 (Tex. Crim. App. 2016) (citing *Jackson*, 443 U.S. at 319); *see also Hooper v. State*, 214 S.W.3d 9, 16-17 (Tex. Crim. App. 2007). We presume that the factfinder resolved any conflicting inferences from the evidence in favor of the verdict, and we defer to that resolution. *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012). This is because the jurors are the exclusive judges of the facts, the credibility of the witnesses, and the weight to be given to the testimony. *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). Direct evidence and circumstantial evidence are equally probative, and circumstantial evidence alone may be sufficient to uphold a conviction so long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *Ramsey v. State*, 473 S.W.3d 805, 809 (Tex. Crim. App. 2015); *Hooper*, 214 S.W.3d at 13.

We measure whether the evidence presented at trial was sufficient to support a conviction by comparing it to "the elements of the offense as defined by the hypothetically correct jury charge for the case." *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The hypothetically correct jury charge is one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.*; *see also Daugherty v. State*, 387 S.W.3d 654, 665 (Tex. Crim. App. 2013). The "law as authorized by the indictment" includes the statutory elements of the offense and those elements as modified by the indictment. *Daugherty*, 387 S.W.3d at 665.

*Zuniga v. State*, 551 S.W.3d 729, 732-33 (Tex. Crim. App. 2018).

**B.      Discussion**

Under section 30.02 of the Penal Code, a person commits burglary of a habitation "if, without the effective consent of the owner, the person . . . enters a habitation, or a building (or any portion of a building) not then open to the public, with intent to commit

a felony, theft, or an assault . . . ." TEX. PENAL CODE ANN. § 30.02. Direct evidence of entry is not required; that element may be established by inference, just as inferences may be used to prove the elements of any other offense. *Poncio v. State*, 185 S.W.3d 904, 905 (Tex. Crim. App. 2006); *see Reyes v. State*, 422 S.W.3d 18, 24 (Tex. App.—Waco 2013, pet. ref'd). A defendant's unexplained possession of property recently stolen from a residence permits an inference that the defendant is the one who committed the burglary. *Poncio*, 185 S.W.3d at 905; *see Reyes*, 422 S.W.3d at 24.

Generally, if a defendant offers an explanation for his possession of the stolen property, the record must demonstrate that the explanation is false or unreasonable. *Adams v. State*, 552 S.W.2d 812, 815 (Tex. Crim. App. 1977); *see Reyes*, 422 S.W.3d at 24. Whether a defendant's explanation for possession of recently stolen property is true or reasonable is an issue to be determine by the trier of fact. *Adams*, 552 S.W.2d at 815; *see Reyes*, 422 S.W.3d at 24. The falsity or unreasonableness of an explanation may be shown by circumstantial evidence. *Adams*, 552 S.W.2d at 815; *see Reyes*, 422 S.W.3d at 24.

In the instant case, Jiacheng Lu testified that she left her apartment around 8:00 or 9:00 p.m. on the night of September 14, 2017, to visit a friend. When she left, one of the windows in her apartment was open and her property was inside where she left it.[1] When

---

[1] Lu recounted that she left her apartment that evening because maintenance workers at the apartment complex had repaired her bathtub and advised her to stay somewhere else for three days due to the bad smell of chemicals used during the repair. Lu left a window open in the apartment to dissipate the chemical smell faster.

contacted by the police in the early morning hours of September 15, 2017, Lu told police that several items were missing from her apartment. She later identified the flat-screen television, the Apple TV box, and the DVD player in McGruder's possession as being those taken from her apartment. Lu stated that she did not give McGruder consent to enter her apartment, and she denied throwing her property away in a dumpster.

Further, as mentioned earlier, McGruder was detained by police while carrying Lu's flat screen television across the apartment complex at night. Moreover, McGruder was in possession of Lu's DVD player and Apple TV box concealed under his shirt. Officer Arnold recounted that neither McGruder nor the items in his possession were dirty, grimy, or appeared as if they had been in a dumpster. Furthermore, the devices still had cords and brackets attached, thus supporting an inference that they had been hastily removed.

In addition to the foregoing, the jury was shown surveillance video of McGruder wandering around the apartment complex and approaching apartment doors, apparently seeking an easy target. McGruder was observed approaching Lu's apartment on the surveillance video, and a short time later, Officer Arnold saw McGruder carrying Lu's flat-screen television.

Based on the above evidence, the jury was permitted to disbelieve McGruder's explanation that he found Lu's property in a dumpster and to infer that McGruder committed the burglary based on his possession of Lu's recently-stolen property. *See*

*Poncio*, 185 S.W.3d at 905; *Adams*, 552 S.W.2d at 815; *see also Reyes*, 422 S.W.3d at 24.

Therefore, viewing the evidence in the light most favorable to the jury's verdict, a rational

factfinder could have found beyond a reasonable doubt that McGruder burglarized Lu's

apartment. *See* TEX. PENAL CODE ANN. § 30.02; *see also Jackson*, 443 U.S. at 318-19, 99 S. Ct.

at 2781; *Zuniga*, 551 S.W.3d at 732-33. Accordingly, we hold that the evidence supporting

McGruder's conviction is sufficient. *See* TEX. PENAL CODE ANN. § 30.02; *see also Jackson*,

443 U.S. at 318-19, 99 S. Ct. at 2781; *Zuniga*, 551 S.W.3d at 732-33. We overrule McGruder's

third issue.

## IV. CONCLUSION

Having overruled all of McGruder's issues on appeal, we affirm the judgment of

the trial court.


JOHN E. NEILL
Justice

Before Chief Justice Gray,
  Justice Davis, and
  Justice Neill
Affirmed
Opinion delivered and filed January 22, 2020
Do not publish
[CRPM]

